THE DETROIT SCHUETZEN BUND v. THE DETROIT AGITATIONS VEREIN.

*Societies for unlawful purposes cannot sue as corporations—Security for costs.*

Corporations cannot exist except by force of express law.

A society that cannot be incorporated because organized to resist the enforcement of laws, cannot sue in its society name for the collection of a debt.

Judgment will not be rendered in the Supreme Court against a security for costs where judgment for the plaintiff below has been reversed and the case sent back for new trial, and it is not shown that the security was required, and there is nothing on the face of the bond to show that it was approved.

Error to Wayne. Submitted June 22. Decided October 6.

ASSUMPSIT. Defendant brings error. Reversed.

*Hawley & Firnane* for plaintiff in error.

*T. D. Hawley* and *E. F. Conely* for defendant in error.

MARSTON, C. J. Action was brought by the Detroit Agitations Verein to recover a sum of money loaned to the plaintiff in error, and from which the plaintiff below received an obligation, a copy of which is given herewith :

"$900.                    DETROIT, September 1st, 1870.

" The Detroit Schuetzen Bund hereby acknowledge the receipt of nine hundred dollars ($900) of the funds of the Detroit Agitations Verein, which amount of $900, or any part thereof, the Detroit Schuetzen Bund promise to pay to the said Detroit Agitations Verein, with interest at ten per cent. per annum, within sixty days after demand having been made in writing by the trustees, or other competent officers, of the said Detroit Agitations Verein.

" For the Detroit Schuetzen Bund :

> " JOSEPH A. KURTZ, President.
> " ALBERT SHEU, Secretary.
> " PHILIP KLING, Treasurer.
> " GEORGE KITTELBERGER, ⎫ Trustees."
> " MAX BROEG,    .        ⎭

The plaintiff declared as " a body corporate organized and existing under the laws of the State," and a copy of its " constitution " or charter and laws appears in the bill of exceptions. The defense in the court below, as here, rested solely upon the proposition that the plaintiff was not a corporation.

In the briefs of counsel, upon which this case was submitted, we have not been referred to any statute of this State under which the plaintiff had or could have organized as a corporation, nor do we know of any under which a corporation with such objects and aims could be formed. It would seem, from the constitution and laws of the society, that it was formed principally to oppose the enforcement of a *prima facie* valid act of the Legislature of this State.*

---

*The object of the society, as set forth in its constitution, is as follows:

### PREAMBLE.

In order to energetically oppose the so-called temperance laws passed by our last State Legislature, which, in their unheard-of presumption, seek to diminish the personal freedom of the citizens of this State, and by these means endanger the freedom and independence guaranteed us by the constitution of the United States as our inalienable rights, German

There may be cases where organization and "agitation" would be proper for the purpose of effecting the modification or repeal of some obnoxious or oppressive law.   That the organization in question was designed to and did go farther than this, the record clearly shows.   It is alleged therein, that the society had collected from its members, and received from other similar societies, considerable sums of money, "and had disbursed large sums of money in furtherance of the objects prescribed by the [its] constitution; i. e., in defending prosecutions under the prohibitory law, in testing the validity of the liquor law and of some ordinances against saloon keepers, influencing legislation, and in some cases in paying the fines of those who were convicted under the laws and ordinances which the society was organized to oppose; and the Verein had also held numerous public meetings at various places for the purpose of influencing public opinion in furtherance of this general purpose."

No corporation can exist except by force of express law. As already intimated, no statute has been called to our attention which authorizes the formation of corporations to oppose the enforcement of other statutes, or to agitate for their appeal, or to influence legislation, or to give immunity to convicted parties by paying their fines for them.   Every

citizens of the city of Detroit have united themselves as an *Agitation Society* against said law, and have formed and adopted the following constitution, in the strict adherence to which they see the most effectual way of rooting out such laws, so inimical to freedom.

## CHAPTER I.

The society is known as "Agitation Society against the liquor law now in existence in the State of Michigan, and it is composed of passive and active members.

## CHAPTER II.

### OBJECT OF THE SOCIETY.

The members of the society bind themselves (active and passive) by all legal means at their command to oppose the temperance law passed at the last session of our State Legislature, and that as follows:

1. By unitedly working together in this matter, by holding meetings from time to time, in which shall be deliberated on the most effective ways and means of agitation.

2. By binding themselves at elections to vote only for such candidate, irrespective of political party affiliations, of whom the members of the society are convinced that they oppose from principle this and similar laws, and bind themselves thereto towards the society in writing.

citizen has an undoubted right to agitate for such changes in the laws as he may desire, and to be charitable to those whom he may think are wrongfully punished ; but it would be preposterous for the Legislature to provide for organizing corporations for such purposes, since the very provision would be an admission that the laws were wrong, and ought to be repealed without agitation or outside influence. When the Legislature is thus convinced, it is to be presumed that all needful changes in the laws will at once and in a direct manner be made, in the interest of peace, good order and justice, without its calling upon the people for agitation or excitement as a preliminary thereto.

Finding no law for the incorporation of this society, the judgment must be reversed. This would be the necessary result, even if the purpose of the society were one in the propriety or usefulness of which every citizen concurred, since the law does not authorize an unincorporated society to bring suit in its society name.

It follows that the judgment must be reversed with costs of both courts.

The other Justices concurred.

Motion for judgment against surety for costs. Submitted and denied October 8.

PER CURIAM. Where judgment for plaintiff is reversed and the case sent back for new trial, the Supreme Court will not, under Comp. L. § 6133, give judgment against the surety for costs, there being no showing in the record that such security was required, and nothing on the face of the surety's bond to show that it was approved by the court below. See *Ortmann v. Merch. Bank of Canada* 42 Mich. 464.