HANDLEY v WYANDOTTE CHEMICALS CORPORATION

Docket No. 56737. Submitted May 18, 1982, at Detroit.—Decided July 21, 1982.

Charles G. Handley was injured while lubricating a conveyor in an electrical generating plant. The plant, including the conveyor, had been constructed by Wyandotte Chemicals Corporation. Wyandotte operated the plant for a period of years and subsequently transferred the plant to the Detroit Edison Company. Thereafter, Wyandotte merged with the BASF Corporation. The merger-agreement designated Wyandotte as the surviving corporation but provided that its name was to be changed to BASF Wyandotte Corporation. Following the merger, BASF Wyandotte acquired the electrical generating plant from Detroit Edison. At the time he was injured Handley was acting in the course of his employment with BASF Wyandotte. Handley filed suit in Wayne Circuit Court, against Wyandotte, the Detroit Edison Company, and BASF Wyandotte. The cause of action against BASF Wyandotte was dismissed by stipulation of the parties. Wyandotte moved for accelerated judgment alleging that the plaintiff's claim was barred by the exclusive remedy provision of the Worker's Disability Compensation Act. The court, John R. Kirwan, J., denied Wyandotte's motion. Wyandotte appeals by leave granted. *Held:*

The trial court erred in treating defendant Wyandotte as a separate legal entity from the BASF Wyandotte Corporation and unprotected by the exclusive remedy provision. Wyandotte is entitled to immunity from suit as the plaintiff's employer. Here, the employer-employee relationship was directly related to the plaintiff's cause of action because the plaintiff was injured during the performance of his employment duties.

Reversed and remanded.

1. CORPORATIONS — MERGERS AND CONSOLIDATIONS.

A corporation is a creature of statute, unable to exist except by

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur 2d, Corporations §§ 1495, 1496.
[2] 19 Am Jur 2d, Corporations § 1503 *et seq.*
[3] 82 Am Jur. 2d, Workmen's Compensation § 288.

the force of express law; the effect of a merger or consolidation on the existing constituent corporations depends upon the terms of the statute under which the merger or consolidation was accomplished.

2. CORPORATIONS — MERGERS AND CONSOLIDATIONS.

A corporate consolidation is the unification of two or more constituent corporations into a single newly existing corporation; the new corporation takes over the assets and assumes the liabilities of the constituent corporations which pass out of existence; a corporate merger is distinguished by the continued existence of one of the constituent corporations into which the other corporations are merged.

3. WORKERS' COMPENSATION — DUAL CAPACITY DOCTRINE.

The "dual capacity doctrine" of the Worker's Disability Compensation Act permits an employee to state a claim against an employer where the employer occupies a second capacity that confers upon him obligations independent of those imposed on him as the employer; the dual capacity test is concerned not with how separate or different the second function is from the first, but with whether the second function generates unrelated obligations; the dual capacity doctrine will not apply where the plaintiff's cause of action is, in reality, based upon the employer-employee relationship.

*Lakin, Worsham & Victor, P.C.* (by *Larry A. Smith*), for plaintiff.

*Capriccioso & Gofrank* (by *Mark S. Goldberg*), for defendant.

Before: M. F. CAVANAGH, P.J., and N. J. KAUFMAN and R. A. BENSON,* JJ.

N. J. KAUFMAN, J. Defendant Wyandotte Chemical Corporation (Wyandotte) appeals by leave granted from the trial court's denial of its motion for accelerated judgment based upon the exclusive remedy provision of the Worker's Disability Compensation Act. MCL 418.131; MSA 17.237(131).

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was injured on January 15, 1976, while lubricating a conveyor in an electrical generating plant. The plant, including the conveyor, had been constructed by defendant Wyandotte. For some years, Wyandotte retained and operated the plant, but then transferred it to the Detroit Edison Company. Subsequently, effective December 31, 1970, Wyandotte merged with the BASF Corporation. The merger agreement designated Wyandotte as the surviving corporation, but provided that its name was to be changed to BASF Wyandotte Corporation. Following the merger, BASF Wyandotte acquired the electrical generating plant from Detroit Edison. At the time of his injury, plaintiff was acting in the course of his employment with BASF Wyandotte.

Plaintiff's complaint named as defendants the Wyandotte Chemical Corporation, BASF Wyandotte Corporation, and the Detroit Edison Company. The cause of action against BASF Wyandotte was dismissed by stipulation of the parties. With regard to defendant Wyandotte, plaintiff claimed that the corporation was negligent in transferring the electrical generating plant to Detroit Edison in a defective condition. In its motion for accelerated judgment, Wyandotte contended that the claim was barred by the exclusive remedy provision because the company was legally identical to plaintiff's employer, BASF Wyandotte.

A corporation is a creature of statute, unable to exist except by the force of express law. *Detroit Schuetzen Bund v Detroit Agitations Verein,* 44 Mich 313, 315; 6 NW 675 (1880). Consequently, the effect of a merger or consolidation on the existing constituent corporations depends upon the terms of the statute under which the merger or consolidation is accomplished. Here, the merger of Wyan-

dotte and the BASF Corporation was pursuant to 1962 PA 155, then MCL 450.53; MSA 21.53,[1] which read:

"When said agreement shall have become effective, the separate existence of all of the constituent corporations, or all of such constituent corporations except the resulting corporation, shall cease, and the constituent corporations shall become a new corporation, or be consolidated or merged into 1 of such corporations in accordance with said agreement. It shall possess all the rights, privileges, powers and franchises, both of a public and a private nature, and be subject to all the restrictions, disabilities and duties of each of such corporations so consolidated or merged. The rights, privileges, powers and franchises of each of said corporations in this state, and all property, real, personal and mixed, and all debts due to any of said constituent corporations on whatever account, including stock subscriptions, and all other things in action or belonging to each of such corporations shall be vested in said resulting corporation. All property, rights, privileges, powers and franchises, and all and every other interest shall be thereafter as effectually the property of said resulting corporation as they were of the several and respective constituent corporations, and the title to any real estate, whether by deed or otherwise, under the laws of this state, vested in any of such constituent corporations, and the title to any real estate, whether by deed or otherwise, under the laws of this state, vested in any of such constituent corporations, shall not revert or be in any way impaired by reason of this act. All rights of creditors and all liens upon the property of any of said constituent corporations of this state shall be preserved unimpaired, and all debts, liabilities and duties of the respective constituent corporations shall thenceforth attach to said resulting corporation, and may be enforced against it to the same extent as if said debts, liabilities and duties had been incurred or contracted by

[1] The statute was repealed by 1972 PA 284; MCL 450.2098; MSA 21.200(1098), effective January 1, 1973. The specific replacement sections are MCL 450.1721, 450.1722; MSA 21.200(721), 21.200(722).

it. Any surplus which the constituent corporations may have at the time of such consolidation or merger may be carried as surplus by the resulting corporation."

The trial court concluded that, by operation of the statute, Wyandotte Chemical Corporation ceased to exist on the effective date of the merger, December 31, 1970. The court reasoned that Wyandotte could not have been plaintiff's employer on the date of the injury and, therefore, could not invoke the exclusive remedy provision of the compensation statute. We believe that the trial court erred and consequently remand for entry of an accelerated judgment in favor of defendant Wyandotte.

The fundamental misconception below was the conclusion that the Wyandotte Chemical Corporation ceased to exist upon the effective date of the merger. Apparently, the parties and trial court have viewed the corporate union as a consolidation of the Wyandotte Chemical Corporation and the BASF Corporation. A consolidation is the unification of two or more constituent corporations into a single newly existing corporation. The new corporation takes over the assets and assumes the liabilities of the constituent corporations which pass out of existence. A corporate merger is distinguished by the continued existence of one of the constituent corporations into which the other corporations are merged. See generally, 15 Fletcher, Cyclopedia Corporations, § 7077, p 96 (Revised volume, 1973). MCL 450.53; MSA 21.53, which was pertinent to both consolidations and mergers, accounted for the survival of one of the constituent corporations to a merger with the language "the separate existence of all of the constituent corporations, *or all of such constituent corporations except the resulting corporation,* shall cease, and the constituent corpora-

tions shall become a new corporation, or be consolidated or merged into 1 of such corporations in accordance with said agreement". (Emphasis added.) In pertinent part, the merger agreement in this case provided:

"ARTICLE I

"MERGER AND NAME OF THE SURVIVING CORPORATION

"BASF shall be merged with and into Wyandotte, *which shall survive the merger* when this Agreement of Merger shall have been filed with the Michigan Department of Treasury in accordance with Section 52 of the Michigan General Corporation Act. This Agreement of Merger shall become effective on December 31, 1970, said time being hereinafter referred to as the 'Effective Date.' *The Surviving Corporation, and its identity, existence, purposes, powers, objectives, franchises, rights and immunities shall be unaffected and unimpaired by the merger except as expressly provided herein.* On the Effective Date, the separate existence and corporate organization of BASF, except insofar as it may be continued by statute, shall cease and thereupon Wyandotte and BASF shall be a single corporation, the name of which shall be BASF Wyandotte Corporation." (Emphasis added.)

Here, in accordance with the merger agreement, the Wyandotte Chemical Company survived the corporate merger and continued to exist under the name BASF Wyandotte Corporation. Although plaintiff's complaint treated the Wyandotte Chemical Corporation and the BASF Wyandotte Corporation as separate legal entities, the names refer to a single corporate body. In its existence under the new corporate name, the corporation employed

plaintiff at the time of the accident. Absent the application of any relevant exception, the corporation is subject to the exclusive remedy provision of the workers' compensation statute.

The dual capacity doctrine is one possible ground for depriving defendant of the protection of the exclusive remedy provision. The dual capacity doctrine permits an employee to state a cause of action against his employer where the employer occupies a second capacity that confers upon him obligations independent of those imposed on him as employer. The dual capacity test is concerned not with how separate or different the second function is from the first, but with whether the second function generates unrelated obligations. *Robards v Estate of Kantzler,* 98 Mich App 414, 418; 296 NW2d 265 (1980). 2A Larson, The Law of Workmen's Compensation, § 72.80, pp 14-112—14-117. However, the dual capacity doctrine will not apply where the plaintiff's cause of action is, in reality, based upon the employer-employee relationship. The exception exists only where the employer-employee relationship is entirely unrelated or only incidentally involved with the cause of action. *Peoples v Chrysler Corp,* 98 Mich App 277, 281-282; 296 NW2d 237 (1980); *Neal v Roura Iron Works, Inc,* 66 Mich App 273; 238 NW2d 837 (1975).

Here, the employer-employee relationship was not incidental, but was directly related to plaintiff's cause of action. Plaintiff was injured during the performance of his employment duties; the use and lubrication of the allegedly defective conveyor was a part of plaintiff's employment. Thus, the secondary function of the defendant, its construction of the plant and conveyor, generates no unrelated obligations with regard to plaintiff. Applica-

tion of the dual capacity doctrine to these circumstances, where plaintiff's claim is essentially that defendant failed to provide a safe working environment, would broaden the exception to such an extent that it would engulf the exclusive remedy provision. *Peoples v Chrysler, supra, cf. Panagos v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971).

We conclude that the trial court erred in treating defendant Wyandotte as a separate legal entity from the BASF Wyandotte Corporation and unprotected by the exclusive remedy provision. Defendant is entitled to immunity from suit as plaintiff's employer.

Reversed and remanded for entry of accelerated judgment in favor of the Wyandotte Chemical Corporation.