NEWBERRY v UNIROYAL, INC

BUMBALOUGH v UNIROYAL, INC

Docket Nos. 68890, 69584. Submitted February 16, 1984, at Detroit.—
Decided April 17, 1984.

Mary Newberry brought an action in the Wayne Circuit Court
against Uniroyal, Inc., and others for wrongful death, alleging
that her husband's death was the result of exposure to toxic
chemicals while working for Uniroyal, Inc. The chemicals in
question were manufactured by Uniroyal. The complaint al-
leged against Uniroyal negligence in causing unsafe products to
be placed in the stream of commerce, breach of express and
implied warranties in allowing its employees to work near
dangerous chemicals, active or passive suppression of informa-
tion concerning the hazard of working with the toxic chemicals,
and intentional refusal to divulge evidence after plaintiff's
request for the information. The court, Harold M. Ryan, J.,
granted summary judgment for Uniroyal on all counts but the
intentional refusal to divulge evidence count. Newberry ap-
pealed.

Fannie Mae Bumbalough brought an action in 'the Wayne
Circuit Court against Uniroyal for the wrongful death of her
husband, making the same claims as Mary Newberry except for
the claim of intentional refusal to divulge evidence. The court,
Thomas J. Foley, J., granted summary judgment for Uniroyal.
Bumbalough appealed. The appeals were consolidated by the
Court of Appeals. *Held:*

Workers' compensation is not an exclusive remedy where the
conditions of liability under the Worker's Disability Compensa-
tion Act are not present, where a suit is not based on an
employer-employee relationship, or where other than personal
injuries are involved. An injured employee who seeks to avoid
the exclusive remedy provision of the Worker's Disability Com-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur 2d, Master and Servant § 139 *et seq.*
82 Am Jur 2d, Workmen's Compensation §§ 50, 51.
[2] 82 Am Jur 2d, Workmen's Compensation § 512.
[3] 61A Am Jur 2d, Pleading §§ 71 *et seq.*, 226, 230 *et seq.*

pensation Act and recover damages from his employer must show that the employer-employee relationship is entirely unrelated to or only incidentally involved with the incident which is the basis for the cause of action. The causes of action were based on the employer-employee relationship and were barred by the exclusive remedy provision of the Worker's Disability Compensation Act.

Affirmed.

1. WORKERS' COMPENSATION — EXCLUSIVE REMEDY.

Workers' compensation is not an exclusive remedy where the conditions of liability under the Worker's Disability Compensation Act are not present at the time of the injury, where a suit is not based on an employer-employee relationship, or where other than personal injuries are involved.

2. WORKERS' COMPENSATION — EXCLUSIVE REMEDY — BURDEN OF PROOF.

An injured employee who seeks to avoid the exclusive remedy provision of the Worker's Disability Compensation Act and recover damages from his employer must show that the employer-employee relationship is entirely unrelated to or only incidentally involved with the incident which is the basis for the cause of action.

3. JUDGMENTS — SUMMARY JUDGMENT — PLEADINGS — LEGAL BASIS — FACTUAL ALLEGATION — DENIAL.

A motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted is to be tested by the pleadings alone, looking to the legal basis of the complaint, not whether it can be factually supported; unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied (GCR 1963, 117.2[1]).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Elizabeth J. Larin),* for plaintiffs Mary Newberry and Fannie Mae Bumbalough.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *Donald E. Shely* and *Marilyn A. Peters),* for defendant Uniroyal, Inc.

Before: ALLEN, P. J., and V. J. BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. Plaintiff Fannie Mae Bumbalough appeals as of right the February 3, 1983, order of Wayne County Circuit Judge Thomas J. Foley granting defendant Uniroyal's motion for summary judgment. Plaintiff Mary Newberry appeals as of right the October 13, 1982, order of Wayne County Circuit Judge Harold M. Ryan granting summary judgment in favor of defendant Uniroyal as to all counts except count IV.[1] The two cases were consolidated pursuant to an August 10, 1983, order of this Court.

Fannie Mae Bumbalough filed an action seeking damages for the wrongful death of her husband, John D. Bumbalough. She alleged that the decedent suffered colon carcinoma and diffused abdominal metastasis, resulting in his death in November, 1979. The complaint alleged negligence on the part of Uniroyal in causing unsafe products to be placed in the stream of commerce. The second count of the complaint alleged the breach of express and implied warranties in defendant Uniroyal's allowing its employees to work in the vicinity of the dangerous chemicals. Finally, plaintiff alleged an active or passive suppression of information concerning the hazards of working with the toxic chemicals in question. At the hearing on the motion for summary judgment, plaintiff Bumbalough also claimed that the chemicals remained in decedent's body subsequent to his employment with Uniroyal and continued their deleterious effect on his health, ultimately resulting in his

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

[1] Count IV alleged Uniroyal suppressed information concerning the toxic effect of chemical substances.

death. The complaint filed by plaintiff Newberry set forth essentially the same allegations as those contained in plaintiff Bumbalough's complaint, with an additional claim in count IV that defendant Uniroyal had intentionally refused to divulge evidence after plaintiff's request for the information.

In both cases, Uniroyal moved for summary judgment based on the exclusive remedy provisions of the workers' compensation act. Circuit Judge Thomas J. Foley granted defendant's motion against plaintiff Bumbalough on February 3, 1983. Circuit Judge Harold M. Ryan granted defendant's motion for summary judgment against plaintiff Newberry on October 13, 1982, as to all but count IV. In his opinion dated October 4, 1982, Judge Ryan wrote that since plaintiff Newberry's decedent died of injuries directly linked, as opposed to incidentally related, to his employment with the defendant, plaintiff's suit was based upon the employer-employee relationship and thus barred by the exclusive remedy provision of the workers' compensation act, MCL 418.131; MSA 17.237(131). Thus, summary judgment in favor of the defendant was appropriate.

Since both motions for summary judgment, brought pursuant to GCR 1963, 117.2(1), were granted for the same reason, *viz.:* the exclusivity of the workers' compensation act, the sole issue on appeal is whether the trial judges erred in concluding that the provisions of that act were the plaintiffs' exclusive remedy. Plaintiffs argue that, since the chemicals used by the defendant continued to affect decedents even after they left the work environment, the employer-employee relationship had ceased, and the act does not stand as a bar to the product liability lawsuits. Plaintiffs

also claim that the doctrine of "dual capacity" applies since, at the time of exposure to the toxic chemicals, defendant, in its role as manufacturer, distributor, and supplier, owed a duty to the decedents independent of the duty owed by defendant in its role of employer. In short, plaintiffs claim that defendant Uniroyal wore "two hats" at the time of the injury, one hat as employer and the other hat as manufacturer and distributor.

In order to determine whether plaintiffs' suits are barred by the exclusive remedy provision of the WDCA, three questions must be asked:

"(1) Were the 'conditions of liability under the act' present at the time of plaintiff's injury?, (2) Is plaintiff seeking to recover damages for personal injuries?, and (3) Is plaintiff's suit based upon the employer-employee relationship?" *Neal v Roura Iron Works, Inc,* 66 Mich App 273, 275; 238 NW2d 837 (1975).

The plaintiffs do not dispute that the first two questions must be answered in the affirmative. However, in order for plaintiffs to prevail on the third question, plaintiffs must show that the employer-employee relationship is entirely unrelated to or only incidentally involved with the incident which is the basis for the cause of action against the employer. *Neal, supra,* p 278; *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470, 474; 332 NW2d 507 (1983). In our opinion, plaintiffs have failed to meet this burden.

In addition to our decision in *Neal, supra; Peoples v Chrysler Corp,* 98 Mich App 277; 296 NW2d 237 (1980), is directly on point. In that case, plaintiff's hand was severely injured when it was caught between the rollers of a lubricating machine. Plaintiff drew workers' compensation benefits but also sued Chrysler for breach of warranty

in the manufacture and design of the machine. Chrysler moved for summary judgment on grounds that the exclusive remedy provision of the workers' compensation act was a bar to the civil suit. The trial court granted defendant's motion and plaintiff appealed to this Court, claiming that, since Chrysler manufactured and sold the machine to the public at large, the relationship of manufacturer of the product and user existed between the parties and, under the "dual capacity" doctrine, the exclusive remedy provision was not a bar to suit. This Court rejected plaintiff's argument, finding that the employer-employee relationship was not merely incidental to the injury.

"Unlike *Panagos [v North Detroit General Hospital,* 35 Mich App 554; 192 NW2d 542 (1971)], however, we do not find the employer-employee relationship only incidental, and having nothing to do with the fact that plaintiff also was employed by Chrysler.

"We find the analysis of the *Neal* Court more appropriate to the factual circumstances presented here where the lubricating machine was given to plaintiff 'to be used by him in his capacity as an employee of the defendant, and it was while plaintiff was performing in this capacity that the accident occurred', *Neal, supra,* p 278. The use of the product was, in fact, a routine and integral part of the employment.

"The most troubling aspect of plaintiff's claim is that it is very similar to saying that Chrysler provided an unsafe working environment, a situation clearly within the exclusivity rule of the act." 98 Mich App 283.

Further support for the trial court's grant of summary judgment in the instant cases is found in *Bourassa v ATO Corp,* 113 Mich App 517; 317 NW2d 669 (1982), *lv den* 414 Mich 966 (1982), where an employee was injured in a fall from allegedly defective scaffolding which was manufac-

tured by the defendant employer. Since the use of the scaffolding was a routine and integral part of the plaintiff's employment with the defendant, the exclusive remedy provision of the WDCA barred any civil action against the defendant-employer. *Bourassa, supra,* p 520.

Thus, summary judgment pursuant to GCR 1963, 117.2(1) in favor of the defendant was properly granted in both cases. Such a motion is appropriate where the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *May v Leneair,* 99 Mich App 209; 297 NW2d 882 (1980). Since the plaintiffs' causes of action are, in reality, based upon the employer-employee relationship, the dual capacity doctrine is inapplicable even if a second relationship, with separate obligations, existed between the plaintiffs' decedents and the defendant. *Handley v Wyandotte Chemicals Corp,* 118 Mich App 423, 429; 325 NW2d 447 (1982).

A final reason for rejecting the plaintiffs' argument was raised by the *Neal* Court. It is equally applicable here.

"If we held otherwise, we would be opening doors to the institution of innumerable product liability suits by injured employees against their employers. Such a consequence would not only emasculate the exclusive remedy provision but would also serve to effectively undermine the entire statutory scheme of the Workmen's Compensation Act. The Legislature has established the Workmens' Compensation Department, not the circuit courts, as the proper forum to determine in most instances the liability of an employer to an injured employee. The adoption of plaintiff's arguments would dramatically alter this situation by allowing substantial circuit court participation in the field of workmens' compensation. It is not for us, but for the Legislature,

to so transform the scope of the Workmen's Compensation Act." *Neal, supra,* pp 278-279.

Affirmed. No costs.