CASSANI v CITY OF DETROIT

Docket No. 72785. Submitted February 12, 1985, at Detroit. Decided October 1, 1985.

James Cassani, a police officer for the City of Detroit, was severely injured when he struck a wire cable strung between two metal poles on a parking lot owned by the city while he was in pursuit of a fleeing felon. Cassani, along with his wife, Theresa Cassani, filed suit against the City of Detroit in Wayne Circuit Court. Defendant filed a motion for accelerated judgment claiming the Workers' Disability Compensation Act provided plaintiffs' exclusive remedy because Mr. Cassani's injuries arose out of his employment. The court, Charles Kaufman, J., denied the motion, reasoning that the "dual capacity" doctrine asserted by plaintiffs permitted them to bring an action in tort against defendant. A default judgment was subsequently entered against defendant, and its motion to set aside the default judgment was denied. Defendant appealed.

The Court of Appeals *held:*

An employer's status as a landowner does not endow the employer with a second legal persona where the injury to the employee occurs in the course of employment. Defendant was entitled to accelerated judgment.

Reversed.

1. WORKERS' COMPENSATION — DUAL CAPACITY DOCTRINE.

The dual capacity doctrine recognizes that an employer can, under certain circumstances, occupy a status in addition to that of employer with respect to an employee; however, the doctrine is applicable only in those situations where the employer has a second identity which is completely distinct and removed from its status as employer.

2. WORKERS' COMPENSATION — EMPLOYER AS LANDOWNER — DUAL CAPACITY DOCTRINE.

An employer's status as a landowner does not endow the employer with a second legal persona subject to tort liability for

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 179 *et seq.*

Modern status: "dual capacity doctrine" as basis for employee's recovery from employer in tort. 23 ALR4th 1151.

an employee's injury on the property where the injury to the employee occurs in the course of employment.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Michael L. Pitt*) for plaintiffs.

*Laurel McGiffert,* Assistant Corporation Counsel, for defendant.

Before: J. H. GILLIS, P.J., and HOOD and R. M. DANIELS,* JJ.

PER CURIAM. Defendant appeals, by leave granted, from orders of the trial court denying its motion for accelerated judgment, granting plaintiffs a default judgment, and denying defendant's motion to set aside the default judgment.

Because we find that defendant was entitled to accelerated judgment, we reverse.

Plaintiffs' complaint alleged that plaintiff James Cassani, hereafter referred to singularly as plaintiff, in his capacity as a Detroit police officer, while in pursuit of a felon, entered a lot owned by defendant city and was severely injured when he struck a wire cable strung between two metal poles on that lot.

Defendant moved for accelerated judgment claiming the Workers' Disability Compensation Act provided plaintiff's exclusive remedy because his injuries arose out of his employment. MCL 418.131, 418.301(1); MSA 17.237(131), 17.137(301)(1). Plaintiff argued below, as he argues here, that his claim is not barred by the exclusive remedy provision of the act because his injuries did not arise out of the employment relationship, but arose out of a separate relationship between himself and defendant city. The trial court denied

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant city's motion, reasoning that the "dual-capacity" doctrine asserted by plaintiff permitted plaintiff to bring his action in tort against defendant city.

The dual-capacity doctrine recognizes that an employer can, under certain circumstances, occupy a status in addition to that of employer with respect to his employee. See, e.g., *Mathis v Interstate Motor Freight System,* 408 Mich 164, 184; 289 NW2d 708 (1980). However, the doctrine is applicable only in those situations where the employer has a second identity which is completely distinct and removed from his status as employer. *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 653; 364 NW2d 670 (1984). In *Wells,* the Court quoted from 2A Larson, Workmen's Compensation Law, § 72.81, p 14-229, for the fundamental requirement needed in order to apply the dual-capacity doctrine:

> "An employer may become a third person, vulnerable to tort suit by an employee, if—and only if —he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person." [421 Mich 653.]

The great majority of American jurisdictions have held that an employer's status as a landowner does not endow the employer with a second legal persona where the injury to the employee occurs in the course of employment. Larson, *supra,* § 72.82, p 14-238. See, e.g., *Jansen v Harmon,* 164 NW2d 323 (Iowa, 1969), and *Royster v Montanez,* 134 Cal App 3d 362; 184 Cal Rptr 560 (1982), where those courts held that injury in the course of employment due to hazards on the employer's property did not confer the employer with a sepa-

rate legal status even where the property on which the injury occurred was not used by the employer as a workplace in the course of its business. See also *Holody v Detroit,* 117 Mich App 76; 323 NW2d 599 (1982), lv den 417 Mich 931 (1983) (Detroit police officer on duty injured in collision with a fire truck running a stop sign not entitled to an action in tort against the city), and *Bross v Detroit,* 262 Mich 447; 247 NW 714 (1933) (Detroit police officer on duty injured in collision with city-owned street car operated on proprietary basis by city held not entitled to action in tort against the city). We find *Fletcher v Harafajee,* 100 Mich App 400; 299 NW2d 53 (1980), lv den 411 Mich 971 (1981), cited by plaintiff, distinguishable because the injuries which the plaintiff was allowed to recover for in tort did not occur during the course of employment. See *Holody, supra,* p 81, n 4.

Because we hold that defendant was entitled to accelerated judgment, we need not address defendant's contention that the trial court abused its discretion in refusing to set aside the default judgment. Had we addressed that issue, we would have found no abuse of discretion.

Reversed.