BENSON v DEPARTMENT OF MANAGEMENT AND BUDGET

Docket No. 98103. Submitted February 9, 1988, at Lansing. Decided May 2, 1988. Leave to appeal applied for.

Maria Benson brought an action in the Court of Claims against the Department of Management and Budget, her employer, seeking damages for injuries she sustained in a fall while crossing her employer's ice-covered parking lot on her way to work. Following trial, the court, Robert Holmes Bell, J., awarded money damages to plaintiff, finding that her claim was not barred by the exclusive remedy provision of the Workers' Disability Compensation Act. Defendant appealed.

The Court of Appeals *held:*

1. An action brought by an employee against his employer for breach of contract on the basis of the employer's failure to provide safe working conditions is not barred by the exclusive remedy provision of the WDCA where such contractual obligation was expressly assumed by the employer. In this case, it was not disputed that defendant did not expressly agree to clear the parking lot of snow and ice, specifically, or maintain the lot in a safe condition, generally. The trial court therefore erred in finding that the breach of contract exception to the exclusive remedy provision of the WDCA applied to plaintiff's claim.

2. The dual capacity doctrine, which recognizes that in some cases an employer can occupy a status in addition to that of employer with respect to an employee thereby subjecting the employer to tort liability for an employee's injury, is not applicable where, as here, the injury occurred in the course of employment. Plaintiff had arrived at the lot for the purpose of beginning work. Thus, under the WDCA, she is presumed to have been injured in the course of employment and she offered no proof to rebut the presumption.

Reversed.

REFERENCES

Am Jur 2d, Contracts §§ 3, 18.
Am Jur 2d, Workmen's Compensation §§ 50, 51, 52 *et seq.*
See the Index to Annotations under Workers' Compensation.

1. WORKERS' COMPENSATION — EXCLUSIVE REMEDY PROVISION — CON-
TRACTS.

An action brought by an employee against his employer for breach of contract on the basis of the employer's failure to provide safe working conditions is not barred by the exclusive remedy provision of the Workers' Disability Compensation Act where such contractual obligation was expressly assumed by the employer (MCL 418.131; MSA 17.237[131]).

2. CONTRACTS — EXPRESS CONTRACTS.

An express contract is an actual agreement of the parties, the terms of which are openly uttered or declared at the time of its making, being stated in distinct and explicit language, either orally or in writing.

3. WORKERS' COMPENSATION — DUAL CAPACITY DOCTRINE.

The dual capacity doctrine recognizes that an employer can, under certain circumstances, occupy a status in addition to that of employer with respect to an employee; however, the doctrine is applicable only in those situations where the employer has a second identity which is completely distinct and removed from its status as employer.

4. WORKERS' COMPENSATION — EMPLOYER AS LANDOWNER — DUAL CAPACITY DOCTRINE.

An employer's status as a landowner does not endow the employer with a second legal persona subject to tort liability for an employee's injury on the property where the injury to the employee occurs in the course of employment.

*Abood, Abood & Rheaume, P.C.* (by *William E. Rheaume*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *A. Michael Leffler* and *Richard F. Zapala,* Assistant Attorneys General, for defendant.

Before: R. M. MAHER, P.J., and SHEPHERD and K. TERTZAG,* JJ.

R. M. MAHER, P.J. Defendant appeals as of right from the judgment of the Court of Claims that it

* Circuit judge, sitting on the Court of Appeals by assignment.

was liable to plaintiff in the amount of $27,313, plus interest and costs. In so ruling, the court rejected defendant's argument that plaintiff's personal injury claim should be barred by governmental immunity and the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). We reverse the judgment of the trial court.

On January 16, 1985, plaintiff severely injured her left leg and ankle when she slipped and fell in the parking lot where she worked. The lot, called the Cass reserved lot, is owned and maintained by defendant, plaintiff's employer, and is located in Lansing, Michigan. It is a paved, surface lot available to persons (primarily state employees) holding a gate-access card. Because the lot has limited parking spaces, card holders are selected by lottery and must pay approximately $10 a month to park there.

In early January of 1985, mid-Michigan was hit by an all-too-typical winter storm which dumped several inches of snow and ice on the ground. At the time of plaintiff's fall, the lot was still ice-covered and slippery. Several witnesses at trial, including plaintiff, testified that the lot was covered by tire ruts and ice ridges, making it difficult to cross. The witnesses also stated that it appeared as though defendant had made no attempts to clear the ice buildup or apply salt or sand on the lot. This, however, was disputed by the defense witnesses.

On the day in question, plaintiff had just returned to work after attending a morning doctor's appointment. While crossing the lot, she slipped on the ice and fell backwards, causing several fractures in her left tibia and fibula and dislocating her ankle. She was rushed to the hospital by ambulance where a metal plate and eight screws

were placed in her lower leg to secure the fractures. Although the plate and screws were removed 3½ months later, she continued to suffer pain and swelling for many months thereafter.

Because of the injuries, plaintiff was unable to work until July 2, 1985. During this time, she received workers' compensation benefits. The state paid her medical bills plus a supplemental benefit.

On November 21, 1985, plaintiff instituted this suit in the Court of Claims, alleging that her injuries resulted from defendant's failure to maintain the parking lot in a safe condition. By way of affirmative defense, defendant claimed that (1) it was entitled to governmental immunity and (2) the claim was barred by the exclusive remedy provision of the WDCA. The trial court rejected those defenses on the ground that plaintiff had a cause of action based on contract, due to the fee paid for parking, which was not barred by governmental immunity or the exclusive remedy provision. At the conclusion of trial, the court found defendant had breached its contractual obligation, which was separate and apart from the parties' employment relationship, to properly maintain the parking lot. Consequently, plaintiff was awarded $25,000 for pain and suffering, $2,313 for lost wages, plus costs and interest.

On appeal, defendant first argues that the trial court erred in finding that the exclusive remedy provision did not operate to bar plaintiff's claim. We agree.

The exclusive remedy provision of the WDCA provides, in pertinent part, that "[t]he right to recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer." MCL 418.131; MSA 17.237(131). Generally, though, where the employee's claim is one for breach of contract, the exclusive remedy provision

does not bar the claim. *Dagen v Village of Baldwin,* 159 Mich App 620, 628; 406 NW2d 889 (1987); *Milton v Oakland Co,* 50 Mich App 279, 284; 213 NW2d 250 (1973). But, that exception is substantially limited in scope where the alleged breach of contract is premised upon the employer's failure to provide safe working conditions.

In *Beauchamp v Dow Chemical Co,* 427 Mich 1; 398 NW2d 882 (1986), our Supreme Court held:

> A claim that an injury is caused by failure to provide safe working conditions is essentially a recasting in contract form of a claim that the employee was injured by the employer's negligence. It is not even a recasting in contract form of an intentional tort. The workers' compensation act provides a quid pro quo for accidental injury. Limited but certain compensation for accidental injuries caused by unsafe working conditions has been substituted for the right to sue for accidental injuries caused by unsafe working conditions. Allowing a civil action as well as compensation for an injury caused by failure to provide safe working conditions would alter the balance struck by the legislation.
>
> *       *       *
>
> An allegation that an injury resulted from an employer's failure to provide safe working conditions is exactly what is covered by the workers' compensation act. It is essentially a claim that the employee was injured by the employer's negligence. We hold that the "all-inclusive character of the exclusiveness principle results in barring actions for covered injuries even though the plaintiff casts his action in the form of a breach of some kind of contract." [*Id.,* pp 26-27, quoting 2A Larson, Workmen's Compensation Law, § 65.38, p 12-23.]

Although that language is very broad and does not distinguish between the various types of contracts

(i.e., express, implied in law, implied in fact), we do not believe the Supreme Court intended the exclusive remedy provision to bar those claims where the employer expressly promises to provide safe working conditions. Parties may enter into any contractual obligations which are lawful and not unconscionable. See *Allen v Michigan Bell Telephone Co,* 18 Mich App 632; 171 NW2d 689 (1969), lv den 383 Mich 804 (1970). Therefore, we interpret *Beauchamp* as holding that where the alleged contract breach is for failure to provide safe working conditions, the employer must have assumed that duty expressly; a claim for breach of contract will not avoid the exclusive remedy provision where the contract was merely implied in law or fact.[1]

An express contract is "an actual agreement of the parties, the terms of which are openly uttered or declared at the time of making it, being stated in distinct and explicit language, either orally or in writing." Black's Law Dictionary (4th ed), p 395. See also *McInerney v Detroit Trust Co,* 279 Mich 42, 46; 271 NW 545 (1937). In the instant case, it is beyond dispute that defendant did not expressly agree to clear the Cass reserved lot of snow and ice, specifically, or maintain the lot in a safe condition, generally. Although plaintiff paid a fee for the privilege of parking there, this by itself cannot establish an express contract since it offers no clues as to the terms of the contract. Plaintiff presented absolutely no proof that defendant expressly agreed to undertake the obligation the

---

[1] It should be noted that *Dagen, supra,* which involved a contract claim for unsafe workplace, did not attempt to reconcile itself with *Beauchamp.* However, in that case, the plaintiff was found to be a third-party beneficiary of a contract provision wherein the defendant expressly agreed not to assign workers "to work entailing a significant degree of risk to life or health." The work to which plaintiff was assigned was found to be in violation of that provision. Hence, the holding in *Dagen* is consistent with this opinion.

breach of which she now claims was the cause of her injuries. Her claim, cast in the form of a breach of contract, is the very type of action condemned in *Beauchamp.* We must therefore conclude that plaintiff has failed to avoid the exclusive remedy provision under the breach of contract exception.

The trial court also erred in finding that plaintiff's injuries were incurred outside the scope of the employment relationship and, thus, not subject to the exclusive remedy provision. That exception, known as the dual-capacity doctrine, was explained by our Supreme Court in *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 653; 364 NW2d 670 (1984):

> The dual-capacity doctrine recognizes that an employer can, under certain circumstances, occupy a status other than that of an employer with respect to his employee. See, *e.g., Mathis v Interstate Motor Freight System,* 408 Mich 164, 184; 289 NW2d 708 (1980). However, the doctrine is applicable only in those situations where the employer has a second identity which is completely distinct and removed from his status as employer.
>
> This fundamental requirement for the application of the dual-capacity doctrine is set forth in 2A Larson, Workmen's Compensation Law, § 72.81, p 14-229:
>
> "An employer may become a third person, vulnerable to tort suit by an employee, if—and only if —he possesses a second persona so completely independent from and unrelated to his status as employer that by established standards the law recognizes it as a separate legal person."

Moreover, the doctrine does not apply simply because the employee was injured on the property of the employer. "[A]n employer's status as a landowner does not endow the employer with a second

legal persona where the injury to the employee occurs in the course of employment." *Cassani v Detroit,* 156 Mich App 573, 575; 402 NW2d 1 (1985).

In the instant case, defendant did not occupy a second persona distinct and removed from its status as employer merely because plaintiff paid a fee for parking in a lot owned and maintained by defendant. It is undisputed that plaintiff had arrived at the lot for the purpose of beginning work. Thus, she is presumed to have been injured in the course of employment. MCL 418.301(3); MSA 17.237(301)(3). She has offered no proof to rebut that presumption. Moreover, plaintiff would not have been able to park at the lot but for her being defendant's employee. She was apparently selected from a lottery of co-workers to park there. Had she not been an employee, she would not have had the opportunity to enter that lottery. Clearly, parking at the Cass reserved lot was incident to the employment relationship. Plaintiff cannot avoid the exclusive remedy provision under the dual-capacity doctrine.

Because we hold that plaintiff's claim is barred by the exclusive remedy provision of the WDCA, we need not address the other issues raised by defendant on appeal.

Reversed.