HOWARD v WHITE

Docket Nos. 127980, 128050. Submitted March 11, 1992, at Detroit. Decided August 17, 1992, at 9:40 A.M.

> Kim Howard and Dennis Kitchen, employees of the City of Detroit, brought an action in the Wayne Circuit Court against Eddie W. and Martha Ann White and the City of Detroit, seeking damages for injuries allegedly suffered when the city-owned vehicle in which they were riding collided with the Whites' vehicle at an intersection in the city. The plaintiffs alleged that the collision was proximately caused by the failure of the city to maintain the traffic signal at the intersection in proper working order. The court, William L. Cahalan, J., granted summary disposition for the city on the basis of the exclusive remedy provision of the Workers' Disability Compensation Act. Both the Whites and the plaintiffs appealed. The appeals were consolidated.

> The Court of Appeals *held:*

> The dual capacity doctrine recognizes that an employee may maintain an action against an employer where the nature of the action is such that the employer as the defendant in the action has a second persona that is completely independent from and unrelated to its status as an employer. The statutory duty of the city to maintain the traffic signal in good working order was unrelated to the obligations it owed the plaintiffs as their employer. Accordingly, the exclusive remedy provision is not applicable, and the court erred in granting summary disposition for the city.

> Reversed.

> MacKenzie, P.J., dissenting, stated that, because the plaintiffs alleged that at the time the accident occurred they were in the city-owned vehicle on a job assignment, it is clear that they were injured in the course of their employment as city refuse collectors as a result of the failure of their employer to provide a safe work environment, a situation clearly within the exclusive remedy provision of the Workers' Disability Compensation Act. Summary disposition was properly granted on the basis of the exclusive remedy provision.

*Shulman & Burns* (by *Marc I. Shulman*), for Kim Howard.

*Donald M. Fulkerson,* for Dennis Kitchen.

*Coticchio, Zotter, Sullivan, Molter, Skupin & Turner, P.C.* (by *Ronald A. Molter*), for Eddie and Martha Ann White.

*Donald Pailen,* Corporation Counsel, and *Leona ·L. Lloyd,* Assistant Corporation Counsel, for the City of Detroit.

Before: MACKENZIE, P.J., and WAHLS and BRENNAN, JJ.

BRENNAN, J. Appellants appeal as of right from an April 9, 1990, order granting summary disposition to the City of Detroit pursuant to MCR 2.116(C)(8) on the basis that plaintiffs' claims were barred by the exclusive remedy provision of the Workers' Disability Compensation Act. We reverse.

Plaintiffs are employees of the City of Detroit. Both were injured in an automobile collision with defendants White. At the time of the accident, plaintiffs were allegedly driving a City of Detroit vehicle and returning to their work site from lunch. It was later discovered that the traffic signal at the intersection where the incident occurred had been malfunctioning for some time preceding the accident. Therefore, in addition to filing suit against defendants White for negligent operation of their vehicle, plaintiffs sued the city pursuant to MCL 691.1402; MSA 3.996(102) for failure to maintain the traffic signal. The city subsequently filed a motion for summary disposition pursuant to MCR 2.116(C)(8), claiming that plaintiffs' claims were barred by the exclusive

remedy provision of the WDCA, MCL 418.131; MSA 17.237(131). The court agreed and granted the motion.

Appellants argue that the trial court erred in granting summary disposition to the city on the basis that plaintiffs' claims were barred by the exclusive remedy provision of the WDCA. Appellants contend that the dual capacity doctrine removes the bar to their claim against the city because their injuries did not arise out of or during the course of employment and the city has an independent statutory duty to plaintiffs to maintain their traffic signals.

A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. *Formall, Inc v Community National Bank,* 166 Mich App 772, 777; 421 NW2d 289 (1988). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. *Id.* The motion should be granted only where the claim is so clearly uneforceable as a matter of law that no factual development could possibly justify a right of recovery. *Id.*

The dual capacity doctrine is an exception to the exclusive remedy provision and allows an employee to state a cause of action in tort against his employer where the employer occupies a second capacity that confers upon it obligations independent of those imposed on it as an employer. *Handley v Wyandotte Chemicals Corp,* 118 Mich App 423, 429; 325 NW2d 447 (1982). In order for the doctrine to apply, the employer's second persona must be so completely independent from and unrelated to its status as an employer that the law recognizes it as a separate legal person. 2A Larson, Workmen's Compensation Law, § 72.81, p 14-229. See also *Benson v Dep't of Management & Budget,*

168 Mich App 302, 308; 424 NW2d 40 (1988); *Cassini v Detroit,* 156 Mich App 573, 575; 402 NW2d 1 (1985). *Wells v Firestone Tire & Rubber Co,* 421 Mich 641, 653; 364 NW2d 670 (1984).

> The dual capacity test is concerned not with how separate or different the second function is from the first, but with whether the second function generates unrelated obligations. . . . However, the dual capacity doctrine will not apply where the plaintiff's cause of action is, in reality, based upon the employer-employee relationship. The exception exists only where the employer-employee relationship is entirely unrelated or only incidentally involved with the cause of action. [*Handley, supra,* p 429.]

In the present case, plaintiffs allege that the city had an independent duty to maintain the traffic signal in a safe condition pursuant to MCL 691.1402; MSA 3.996(102).[1] It is this duty that invokes the dual capacity doctrine. This duty was totally unrelated to the obligations the city had as plaintiffs' employer. The city clearly had a second persona completely independent from and unrelated to its status as an employer, justifying its recognition as a separate legal entity. Further, the employer-employee relationship in this case was a mere coincidence and was entirely unrelated to plaintiffs' cause of action. Plaintiffs' action is not based on the employer-employee relationship. Moreover, accepting as true plaintiffs' allegations that they were on their lunch hour when the incident occurred, their injuries did not arise out of or during the course of their employment. See *McClure v General Motors Corp (On Rehearing),* 408 Mich 191, 209; 289 NW2d 631 (1980). Accord-

[1] See *O'Hare v Detroit,* 362 Mich 19; 106 NW2d 538 (1960).

ingly, we find that the trial court erred in granting summary disposition.

Reversed.

Wahls, J., concurred.

MacKenzie, P.J. *(dissenting)*. I respectfully dissent. In my view, the trial court properly granted summary disposition in favor of defendant City of Detroit.

An action in tort against one's employer is precluded by the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131), if it seeks recovery for personal injury arising out of and in the course of employment and if the cause of action is based on the employment relationship. *Holody v Detroit,* 117 Mich App 76, 79; 323 NW2d 599 (1982).

In this case, paragraphs 8 and 9 of plaintiffs' complaint allege as follows:

> 8. At the time of the aforementioned collision, Kim Howard was an employee of the defendant City of Detroit and driving a van owned by the defendant City of Detroit, vehicle number 886-703, (hereinafter referred to as "vehicle number 886-703"), *while on a job assignment.*
>
> 9. At the time of the aforementioned collision, Dennis Kitchen was an employee of the defendant City of Detroit and was riding in the right front passenger seat of vehicle number 886-703 *while on a job assignment* with Kim Howard. [Emphasis added.]

Further, the record indicates that, at the time of the hearing on defendant's motion, plaintiff Kitchen had sought and was receiving workers' compensation benefits and plaintiff Howard was in the process of negotiating a workers' compensation

settlement with defendant. Thus, it is apparent that plaintiffs' position has been that their injuries arose out of and in the course of their employment relationship with defendant.

In order for the dual capacity doctrine to apply, the employer-employee relationship must be entirely unrelated to or only incidentally involved with the incident that is the basis for the cause of action against the employer. *Newberry v Uniroyal, Inc,* 133 Mich App 800, 804; 350 NW2d 324 (1984). In this case, the majority concludes that defendant's status as plaintiffs' employer was merely coincidental to plaintiffs' cause of action. I cannot agree with that conclusion. The reason plaintiffs were on the road at the time they were injured was to perform their job as refuse collectors. Their work was in no sense "coincidental" to their claim.

Plaintiffs' cause of action is tantamount to an assertion that the city provided them with an unsafe work environment, a situation clearly within the exclusive remedy provision of the Workers' Disability Compensation Act. Because I am satisfied that the trial court correctly granted summary disposition in favor of defendant, I would affirm.