ZARKA v BURGER KING

Docket No. 152167. Submitted July 12, 1994, at Lansing. Decided
    August 1, 1994, at 9:40 A.M. Leave to appeal sought.

Alan N. Zarka brought an action in the Ingham Circuit Court
    against Burger King and King Southern, Inc., seeking damages
    for injuries he allegedly suffered when he slipped and fell on
    the premises of a restaurant operated by the defendants. The
    plaintiff, an employee at the restaurant, had come on his day
    off to get his paycheck. After getting the paycheck, the plaintiff
    purchased food at retail prices, entered the public dining area,
    and ate the food while he was waiting for his girl friend,
    another employee, to get off work. As he was leaving the
    restaurant, the plaintiff allegedly slipped and fell on an accu-
    mulation of ice or water. The court, Thomas L. Brown, J.,
    granted summary disposition for the defendants on the basis of
    the exclusive remedy provision of the Worker's Disability Com-
    pensation Act. The plaintiff appealed.

    The Court of Appeals *held:*

    Although the plaintiff may have been within the course of
    his employment when he entered the premises for the purpose
    of getting his paycheck, any employment relationship had
    ceased by the time he became a member of the public by
    purchasing food at retail prices, entering the public area of the
    restaurant, and eating the food in the restaurant. By the time
    of the alleged accident and injury, there was no longer a
    sufficient nexus between his employment and his injury to
    bring the matter within the scope of the exclusive remedy
    provision of the Worker's Disability Compensation Act. It was
    error for the trial court to grant summary disposition for the
    defendants on the basis of that provision.

    Reversed and remanded.

WORKER'S COMPENSATION — EXCLUSIVE REMEDY PROVISION — COURSE
    OF EMPLOYMENT.

    An employee may maintain an action for premises liability

REFERENCES

Am Jur 2d, Workers' Compensation §§ 65, 67.

Modern status: "dual capacity doctrine" as basis for employee's
    recovery from employer in tort. 23 ALR4th 1151.

against an employer that operates a retail food establishment where the employee, after having gone to the place of employment to secure a paycheck, thereby arguably having been engaged in the course of the employment relationship, ceases the employment relationship by purchasing food at retail price and eating the food in the public dining area of the establishment before being injured while on the premises; under such circumstances, the exclusive remedy provision of the Worker's Disability Compensation Act is not applicable (MCL 418.131; MSA 17.237[131]).

*James C. Lucas, P.C.* (by *James C. Lucas*), for the plaintiff.

*Michael J. Milroy,* for the defendants.

Before: DOCTOROFF, C.J., and SHEPHERD and J. R. KIRWAN,* JJ.

SHEPHERD, J. Plaintiff appeals as of right from an April 29, 1992, order of the trial court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(4). The trial court ruled that plaintiff's premises liability claim was precluded by the exclusive remedy provision of the Worker's Disability Compensation Act. We reverse.

The underlying facts of this case are not disputed. On December 11, 1989, plaintiff traveled to his place of employment, a Burger King restaurant located in Lansing, Michigan, to pick up his paycheck and give his girl friend, a coemployee, a ride home. Plaintiff had not worked that day, nor was he scheduled to work. Once inside the restaurant, plaintiff picked up his biweekly paycheck. After receiving his paycheck, plaintiff purchased some food at retail prices, entered the public dining room area, and ate his food. As he was leaving, plaintiff slipped and fell on an accumulation of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

water or snow located in front of the exit. Plaintiff allegedly sustained an injury to his hand when he fell.

Plaintiff filed his complaint against defendants in the circuit court on a theory of premises liability. Defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(4) on the ground that the exclusive remedy provision of the WDCA, MCL 418.131; MSA 17.237(131), precluded plaintiff's claim. The trial court agreed with defendants and granted the motion.

The essential question in this case is whether the circuit court or the Bureau of Worker's Disability Compensation has jurisdiction to hear this case. For the bureau to have exclusive jurisdiction, the injury must have arose out of and in the course of employment. MCL 418.131; MSA 17.237(131), MCL 418.301; MSA 17.237(301). Defendants are correct that as a general rule the question whether an injury arose out of and in the course of employment is a question to be resolved in the first instance by the bureau. *Buschbacher v Great Lakes Steel Corp,* 114 Mich App 833, 837; 319 NW2d 691 (1982). However, there is an exception "where it is obvious that the cause of action is not based on the employer/employee relationship." *Id.* at 838; see also *Genson v Bofors-Lakeway, Inc,* 122 Mich App 470, 477; 332 NW2d 507 (1983). The question whether plaintiff's injury arose out of and in the course of his employment may be a question of law or one primarily of fact, or a mixed question of law and fact. *Koschay v Barnett Pontiac, Inc,* 386 Mich 223, 225; 191 NW2d 334 (1971). Thus, where the facts are undisputed, the question is one of law for the courts to decide.

Here, the parties disagree concerning the application of two leading cases, *MacDonald v Michigan Bell Telephone Co,* 132 Mich App 688; 348 NW2d

12 (1984), and *Dunlap v Clinton Valley Center,* 169 Mich App 354; 425 NW2d 553 (1988).

In *MacDonald,* the plaintiff-employee had been gone from her place of employment for only thirty minutes when she realized that she had lost the key to the trunk of her car. She then drove back to her employer's parking lot and began searching for the lost key. While searching for the key, the plaintiff slipped on some loose gravel and fell, injuring her back. The panel of this Court in *MacDonald* reversed an award of benefits by the Worker's Compensation Appeal Board, finding that the plaintiff's injury did not occur. "within the course, the flow, the path, route, or channel of plaintiff's employment." *Id.* at 692.

In *Dunlap,* the plaintiff-employee stopped at her place of employment to pick up her paycheck. The plaintiff had been scheduled to work that day, but had taken the day off. The plaintiff slipped and fell in a puddle of water and was injured. Reversing a decision of the WCAB, this Court in *Dunlap* concluded that the plaintiff's injury arose out of the course of her employment because the act of "[r]eceiving remuneration for one's work is a part of one's duties for his employer." *Id.* at 357. The Court further noted that the employer was obligated legally to give the plaintiff her paycheck. *Id.* at 357-358.

Herein, plaintiff argues that the present case is more similar to the situation in *MacDonald* and, thus, that the exclusive remedy provision of the WDCA should not apply. Conversely, defendants argue that the present case is more similar to the situation in *Dunlap* and, thus, that plaintiff's claim should be barred by the exclusive remedy provision of the WDCA.

This topic is discussed in 1A Larson, Workmen's Compensation Law, § 26.31, p 5-330 *et seq.* Larson

states the general rule to be that "an employee is in the course of employment while collecting his pay." *Id.* However, Larson, *supra,* § 26.33, pp 5-337 to 5-338, also recognizes an exception under the going and coming rule:

> Once collection of pay has been identified as a work-connected activity, it follows that the normal course of employment limitations applicable to any work activity should apply. Thus, an injury occurring off the premises while the claimant is on his way to the plant to collect his pay, or is on his way home, is outside the course of employment; for there is no reason to place the discharged worker about to collect pay in a stronger position than that afforded to the worker on his way to the actual performance of the duties of his employment. Similarly, under the rule in the preceding subsection, *a worker who has collected his pay may leave the course of employment by remaining on the premises for an unreasonable period,* as in the case of the claimant who had stayed on the premises for three hours after collecting his paycheck, playing cards, and drinking, before being shot in an argument.[41]

---

[41] *Blade v Mervis,* 226 So 2d 552 (La Ct App 1969).

---

We agree with the foregoing statement from Larson that an employee who has already received a paycheck may leave the course of employment at a subsequent time. However, rather than focusing upon the length of time (Larson speaks of an "unreasonable" delay) we believe that the controlling factor is the relationship between the parties. That is, the length of time following receipt of a paycheck may evince a change in relationship, but the key factor is the relationship itself.

This Court in *Howard v White,* 195 Mich App 590, 592-593; 491 NW2d 625 (1992), recognized the

importance of the relationship between the parties with its discussion of the dual capacity doctrine. Therein, the plaintiffs, city employees, were injured in an accident caused in part by a malfunctioning traffic signal. The plaintiffs were driving a city vehicle and returning to their work site from lunch. In addition to filing suit against the driver of the other vehicle, the plaintiffs also filed suit against the city for failure to maintain the traffic signal. The Court reasoned as follows in permitting the plaintiffs to maintain their cause of action outside the ambit of the worker's compensation exclusive remedy provision:

> [T]he employer-employee relationship in this case was a mere coincidence and was entirely unrelated to plaintiffs' cause of action. Plaintiffs' action is not based on the employer-employee relationship. [*Id.,* at 593.]

Cf. *Handley v Wyandotte Chemicals Corp,* 118 Mich App 423, 429; 325 NW2d 447 (1982); 2A Larson, Workmen's Compensation Law, § 72.81, p 14-229 *et seq.*]

In the present case, although plaintiff's singular act of picking up his paycheck may have been related sufficiently to the employment relationship to justify the application of the exclusive remedy provision in accord with *Dunlap,* the relationship between the parties changed when plaintiff purchased the food at retail prices and ate the food in the public section of the restaurant. At the time of plaintiff's injury, there was no longer a sufficient nexus between the injury and the employment relationship; in other words, it can not be said that the injury was a circumstance of the employment. *Collier v J A Fredman, Inc,* 183 Mich App 156, 161; 454 NW2d 183 (1990). Not only did plaintiff

modify the relationship by offering to purchase food at retail, but his employer also modified the relationship by making the retail sale. Although it appears that the lapse of time involved here between the receipt of the paycheck and the injury was not as lengthy as in *Blade, supra* (discussed in 1A Larson, § 26.33, *supra*), we are nevertheless convinced that plaintiff's injury did not arise out of or in the course of employment. This we conclude as a matter of law on the basis of the undisputed facts of record.

In response to the parties' arguments, we conclude that the present case is more similar to the situation in *MacDonald* than that in *Dunlap.* As in *MacDonald, supra* at 692, the injury here did not occur "within the flow, the path, route, or channel of plaintiff's employment." Thus, the exclusive remedy provision of the WDCA, MCL 418.131; MSA 17.237(131), does not preclude plaintiff from pursuing his claim in the circuit court.

Reversed and remanded for further proceedings consistent with this opinion.