732 So.2d 480 (1999)
A & L UNDERGROUND, INC., Appellant,
v.
CITY OF PORT RICHEY, Appellee.
No. 98-03209.
District Court of Appeal of Florida, Second District.
May 21, 1999.
*481 Donald E. Hemke of Carlton Fields Ward Emmanuel Smith & Cutler, Tampa, for Appellant.
Brett D. Divers of Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., Tampa, for Appellee.
WHATLEY, Judge.
A & L Underground, Inc., appeals an order granting summary judgment in favor of the City of Port Richey. The trial court held that A & L could not recover economic losses pursuant to its complaint for violations of the Underground Facility Damage Prevention and Safety Act. See Ch. 556, Fla. Stat. (1995). We reverse.
A & L was hired by the City of Clearwater to expand Clearwater's underground gas distribution system. That expansion ran through the City of Port Richey. Prior to underground excavation in Port Richey, A & L requested Port Richey to locate and mark its underground utilities as required by chapter 556. Port Richey did so, but inaccurately. As a result, A & L damaged underground utilities and incurred delay and repair costs.
A & L sued Port Richey for statutory violations of chapter 556. Port Richey argued, and the trial court ruled, that A & L could only recover damages for personal injuries or property damage under chapter 556. A & L's claim was purely for economic losses. We conclude that the clear language of section 556.106(3), Florida Statutes (1995), allows recovery for purely economic losses. That statute permits an excavator, such as A & L, to recover "for the total cost of any loss." See Followell v. Central Illinois Pub. Serv. Co., 278 Ill. App.3d 1103, 215 Ill.Dec. 608, 663 N.E.2d 1122 (5th Dist.1996). We reject Port Richey's argument that this language is surplusage.
We do not address the issue of sovereign immunity, as it was not properly raised in the trial court.
Accordingly, we reverse the entry of summary judgment in favor of the City of Port Richey and remand this cause for proceedings consistent with this opinion.
CAMPBELL, A.C.J., and STRINGER, J., Concur.