Murray, J.
 

 Plaintiff appeals as of right from the trial court’s order granting defendant Premier Manufacturing Support Services, Inc.’s, motion for summary disposition.
 
 [1]
 
 We affirm the order granting defendant’s
 
 *320
 
 motion but on a different ground than that utilized by the trial court.
 

 I. FACTS AND PROCEDURAL HISTORY
 

 Plaintiff is a temporary employment agency. In May 1996, James Hogle was employed by plaintiff as a temporary employee. Plaintiff contracted out Hogle’s services to defendant, who assigned Hogle to work at a facility owned and operated by Venture and Vemco. While cleaning a pit hole used to collect hazardous industrial waste at the facility, Hogle was injured in an explosion. Plaintiff’s worker’s compensation insurance carrier paid Hogle’s medical expenses, lost wages, and cost of rehabilitation.
 

 Thereafter, plaintiff filed this action against defendant, alleging breach of contract, promissory estoppel, and negligence. Specifically, count I of the complaint alleged that defendant breached the terms and conditions of the contract that precluded plaintiff’s employees from working in an area of hazardous materials.*
 
 [2]
 
 In count n, plaintiff alleged that defendant breached its oral promise not to require any of plaintiff’s employees to work in an area of hazardous materials, which plaintiff relied on to its detriment, establishing promissory estoppel. Last, plaintiff alleged in count ill that defendant was negligent in the inspection, supervision, and training of its employees,
 
 *321
 
 and in providing a safe work site. In its complaint, plaintiff sought damages for payment of Hogle’s worker’s compensation claim, increases in its worker’s compensation insurance premiums, and lost profits due to the increase in worker’s compensation premiums.
 

 Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Specifically, defendant argued that summary disposition was warranted on the basis of MCR 2.116(C)(8) because plaintiff’s claims were barred by the exclusive remedy provision of the Worker’s Disability Compensation Act (wdca), MCL 418.131, and by the economic loss doctrine and because damages for increases in worker’s compensation premiums are not recoverable from a third-party. In response to defendant’s motion, plaintiff argued that the exclusive remedy provision of the wdca did not bar its claims because its claims arose out of the breach of contract, which plaintiff argued was a separate and independent cause of action. The trial court granted defendant’s motion, finding that plaintiff’s claims were barred by the exclusive remedy provision of the wdca.
 
 [3]
 
 The trial court thereafter denied plaintiff’s motion for reconsideration. This appeal followed.
 

 H. STANDARD OF REVIEW
 

 This Court reviews de novo a trial court’s decision regarding a motion for summary disposition.
 
 Spiek v Dep’t of Transportation,
 
 456 Mich 331, 337; 572 NW2d
 
 *322
 
 201 (1998). Although defendant’s motion was brought under both MCR 2.116(C)(8) and (C)(10) and the trial court failed to articulate under which subrule it was granting defendant’s motion, the trial court’s ruling was based solely on the pleadings. Hence, we will evaluate plaintiff’s claims under MCR 2.116(C)(8). A motion brought pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone.
 
 Simko v Blake,
 
 448 Mich 648, 654; 532 NW2d 842 (1995). All factual allegations in the complaint are accepted as true to determine whether the plaintiff has failed to state a claim on which relief can be granted.
 
 Id.
 

 IE. ANALYSIS
 

 Plaintiff first argues that the trial court erred in granting defendant’s motion for summary disposition because the exclusive remedy provision of the wdca does not bar its claims for breach of contract, promissory estoppel, and negligence. We agree. However, we hold that the trial court’s grant of summary disposition in favor of defendant was proper on other grounds. We therefore affirm the trial court’s decision granting defendant’s motion for summary disposition because the right result was reached. See
 
 Ireland v Edwards,
 
 230 Mich App 607, 625, n 16; 584 NW2d 632 (1998).
 

 We hold that the trial court erred in concluding, as a matter of law, that plaintiff’s claims were barred by the exclusive remedy provision of the wdca. MCL 418.131, which contains the exclusive remedy provision, states in pertinent part:
 

 
 *323
 
 (1) The right to the recovery of benefits as provided in this act shall be the employee’s exclusive remedy against the employer for a personal injury or occupational disease.
 

 (2) As used in this section and section 827, “employee” includes the person injured, his or her personal representatives, and any other person to whom a claim accrues by reason of the injury to, or death of, the employee ....
 

 Even assuming that plaintiff was an “employee” for purposes of the wdca, plaintiff fails to satisfy the conditions of liability under the exclusive remedy provision, MCL 418.131(1). “Under the wdca, employers provide compensation to employees for injuries suffered in the course of employment . . . .”
 
 Herbolsheimer v SMS Holding Co, Inc,
 
 239 Mich App 236, 240; 608 NW2d 487 (2000). “In return for this almost automatic liability, employees are limited in the amount of compensation they may collect from their employer, and, except in limited circumstances, may not bring a tort action against the employer.”
 
 Id.
 
 Thus, by its terms, the exclusive remedy provision of the wdca limits the liability of the employer and provides statutory compensation for employees regardless of fault.
 
 Id.
 
 at 240-241. Such an employer-employee situation is not present in this case. Plaintiff is not seeking to recover damages for personal injuries on the basis of an employer-employee relationship with defendant. See MCL 418.131(1);
 
 Newberry v Uniroyal, Inc,
 
 133 Mich App 800, 804; 350 NW2d 324 (1984). Rather, plaintiff is seeking economic damages it claims to have suffered as a result of defendant’s alleged breach of contract and negligence, which plaintiff claims resulted in Hogle’s injury. Accordingly, defendant was not entitled to
 
 *324
 
 summary disposition on the basis of the exclusive remedy provision within MCL 418.131.
 

 Nonetheless, plaintiffs claims for increased worker’s compensation premiums and any lost profits that arose therefrom are not recoverable from a third-party tortfeasor.
 
 [4]
 
 Although this argument was raised by defendant in its motion for summary disposition, the trial court granted defendant’s motion without addressing the issue. Nonetheless, we will review the issue because it is a question of law and the facts necessary for resolution of the issue have been presented. See
 
 In re Worker’s Compensation Lien (Ramsey v Kohl),
 
 231 Mich App 556, 560; 591 NW2d 221 (1998).
 

 The issue raised by defendant is whether an employer whose employee is injured by a third-party tortfeasor may sue the third-party tortfeasor for damages in the form of increased worker’s compensation premiums and lost profits. We hold that such damages are not recoverable under the statutory scheme established by the Legislature. A review of the subro-gation provision of the wdca clearly shows that the Legislature has not provided such a statutory remedy for an employer. The subrogation provision of the wdca, MCL 418.827, states in pertinent part:
 

 (1) Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or
 
 *325
 
 the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his or her dependents or personal representatives may also proceed to enforce the liability of the third party for damages in accordance with this section. If the injured employee or his or her dependents or personal representative does not commence the action within 1 year after the occurrence of the personal injury, then the employer or carrier, within the period of time for the commencement of actions prescribed by statute, may enforce the liability of such other person in the name of that person. . . . Any party in interest shall have a right to join in the action.
 

 This section essentially provides that where an employee who has received worker’s compensation benefits recovers damages in a third-party tort action, the payor, whether the insurance carrier or the employer, of the worker’s compensation benefits may seek reimbursement for the amount of compensation paid to the injured employee from any recovery obtained by the employee against the third-party tortfeasor, regardless of the type of damages recovered.
 
 [5]
 

 In re Worker’s Compensation Lien, supra
 
 at 558-559;
 
 Beaudrie v Anchor Packing Co,
 
 206 Mich App 245, 247-248; 520 NW2d 716 (1994);
 
 Arnett v General Motors Corp,
 
 22 Mich App 658, 662; 177 NW2d 704 (1970).
 

 
 *326
 
 This statutory provision contains the exclusive remedies that an employer may seek in an action against a third-party tortfeasor in which the employer seeks to recover the costs associated with the payment of worker’s compensation benefits. “Generally, where a statute creates a right or a duty not found in common law, the remedies provided in the statute are exclusive.”
 
 General Aviation, Inc v Capital Region Airport Authority (On Remand),
 
 224 Mich App 710, 715; 569 NW2d 883 (1997); see also
 
 In re Quinney’s Estate,
 
 287 Mich 329, 334; 283 NW 599 (1939) (“[w]here a new right and a new remedy is given by statute, the statutory remedy is exclusive”);
 
 Thurston v Prentiss,
 
 1 Mich 193 (1849). Additional remedies will be inferred only if the statutory remedies are “plainly inadequate” or provide no means of enforcement.
 
 General Aviation, Inc, supra
 
 at 715. Stated somewhat differently, “where a statute creates a liability and provides a remedy by suit specifically adapted to its enforcement, other less appropriate common-law remedies are impliedly excluded.” Shriver,
 
 v Woodbine Savings Bank,
 
 285 US 467, 478; 52 S Ct 430; 76 L Ed 884 (1932). Accord
 
 Pompey v General Motors Corp,
 
 385 Mich 537, 553, n 15; 189 NW2d 243 (1971).
 

 In the present case, the right of an employer or insurance carrier to seek damages against a third-party tortfeasor for the payment of worker’s compensation benefits to an injured employee is, and always has been, a creature of statute.
 
 Bay State Milling Co v Izak,
 
 310 Mich 601, 604; 17 NW2d 769 (1945);
 
 Michigan Employers Casualty Co v Doucette,
 
 218 Mich 363; 188 NW 507 (1922). Indeed, the right to subrogation was granted by the Legislature because of the right created by the act for an employee to recover worker’s compensation benefits from his employer.
 
 *327
 
 MCL 418.827 reflects the legislative determination that when an employer pays out benefits to an employee for an injury caused by the acts of a third party, the exclusive remedy is that found within § 827.
 

 We also hold that because § 827 provides a detailed procedure that, if utilized by the employer or carrier, will result in full reimbursement of the benefits paid to the injured employee, no additional remedies can be inferred.
 
 General Aviation, supra.
 
 Indeed, if the employer or insurance carrier avails itself of the statutory procedure set forth in § 827 it should not suffer any increased worker’s compensation premiums, because the payor of the benefits will recoup the monies paid to the employee. Thus, because the Legislature has created a remedy for employers and carriers to recoup the worker’s compensation benefits paid to injured employees, and because we do not find this remedy to be “plainly inadequate,” the remedy provided in the subrogation provision of MCL 418.827 is exclusive. See
 
 id.
 
 Had the Legislature intended for employers to recover damages in the form of increased premiums and lost profits, it would have enumerated such a remedy within the wdca, and in particular MCL 418.827. Less appropriate common-law remedies cannot supplement those remedies placed into the statute by the Legislature.
 
 Shriver, supra-, Pompey, supra.
 
 Because the Legislature has failed to place such remedies in the statute, this Court cannot write such a provision into the law by judicial fiat.
 
 [6]
 

 Ray v Transamerica Ins Co,
 
 10 Mich App 55, 61; 158 NW2d 786 (1968).
 

 
 *328
 
 Plaintiff also argues on appeal that the parties’ written contract contained an indemnification agreement and that it is seeking indemnification for damages caused by defendant’s breach of contract. Plaintiff argues that under the terms and conditions of the contract, the parties agreed that plaintiff would be indemnified for defendant’s negligence. However, plaintiff failed to plead a cause of action involving “indemnification” in its complaint. MCR 2.111(B)(1). Just as importantly, plaintiff did not base its breach of contract claim on an indemnification agreement in the contract and thereby did not properly raise it in its pleading.
 
 Id.) Iron Co v Sundberg, Carolson & Associates, Inc,
 
 222 Mich App 120, 124-125; 564 NW2d 78 (1997). Rather, plaintiff’s complaint alleged that defendant breached its written and oral promise not to place plaintiff’s employees in an area of hazardous materials. Thus, although raised in its motion for reconsideration before the trial court, this issue is not
 
 *329
 
 properly preserved for appellate review because it was not raised in the complaint or directly addressed by the trial court. See
 
 Booth Newspapers, Inc v Univ of Michigan Bd of Regents,
 
 444 Mich 211, 234; 507 NW2d 422 (1993).
 
 [7]
 

 IV. CONCLUSION
 

 Accordingly, we hold an employer does not have a cause of action against a third party to recover damages for increased worker’s compensation premiums and lost profits incurred as a result of an injury to its employee. As such, defendant’s motion for summary disposition in this case was properly granted.
 

 Affirmed.
 

 [1]
 

 Defendants Venture Industries Corporation and Vemco, Inc., are non-parties to this appeal and, therefore, will be referred to as Venture and Vemco, respectively, in the remainder of this opinion. As such, the term
 
 *320
 
 “defendant” refers only to defendant-appellant Premier Manufacturing Support Services, Inc.
 

 [2]
 

 Although count I makes this allegation, the contract between the parties contains no such promise. Instead, the parties simply agreed in paragraph five of the contract that defendant would comply with Occupational Safety and Health Act (osha) and Michigan Occupational Safety and Health Act (MIOSHA) standards in utilizing the services of plaintiff’s employees.
 

 [3]
 

 The trial court also granted defendant’s motion based on the economic loss doctrine, finding that plaintiff could not “recover on a tort theory when it [was] suing for economic loss.”
 

 [4]
 

 During oral argument before this Court, plaintiff asserted that it was not seeking any damages for benefits paid to Hogle by its insurer. Therefore, our review of this issue is limited to plaintiffs remaining claims for damages for increased worker’s compensation premiums and lost profits.
 

 [5]
 

 In fact, the statute provides the employer or insurance carrier the right to join in the employee’s action against the third-party tortfeasor and, if the employee has not initiated proceedings against the third-party tortfeasor, the payor of the employee’s worker’s compensation benefits may initiate proceedings to recover from the negligent party. Further, the statute grants the employer or insurance carrier priority over the injured employee in recovering any damages awarded, leaving the balance to be paid to the employee. MCL 418.827(1) and (5);
 
 Pettaway v McConaghy,
 
 367 Mich 651, 655; 116 NW2d 789 (1962).
 

 [6]
 

 Although the statutory remedial bar provides a complete defense to plaintiff’s claims, we note our agreement with decisions from our sister
 
 *328
 
 states that have been presented with this precise issue and have refused to grant damages in the form of increased worker’s compensation premiums and lost profits when a defendant injures a plaintiff’s employee, finding such damages too tenuous and remote to impose liability. See, e.g.,
 
 RK Constructors, Inc v Fusco Corp,
 
 231 Conn 381, 388; 650 A2d 153 (1994);
 
 Unique Paint Co, Inc v Wm F Newman Co, Inc,
 
 201 Ga App 463; 411 SE2d 352 (1991);
 
 Whirley Industries, Inc v Segel,
 
 316 Pa Super 75, 82; 462 A2d 800 (1983);
 
 North Georgia Electric Membership Corp v Thomason & Holsomback, Constr Co, Inc,
 
 157 Ga App 719, 720; 278 SE2d 433 (1981). These courts have reasoned that when a defendant injures a plaintiff’s employee, the nexus between that act and the plaintiff and its increased premiums and lost profits is simply too tenuous and remote to impose liability for such “collateral consequences.”
 
 RK Constructors, Inc, supra
 
 at 387-388;
 
 Unique Paint Co, Inc, supra
 
 at 463-464. “Moreover, insurance premium increases result from a concurrence of circumstances, including the owner’s prior loss experience and the internal financial practices of the particular insurance carrier. The economic harm is too remote from the cause in fact to be attributable to the [defendant third-party tortfeasor].”
 
 Whirley Industries, Inc, supra
 
 at 82. This line of well-reasoned cases provides an alternative ground that would preclude the damages sought by plaintiff.
 

 [7]
 

 However, even if plaintiff had properly raised this issue in its pleadings before the trial court, we would find that there is no indemnification agreement contained in the language of the instant contract. “If contract language is clear, its construction is a question of law for the court.”
 
 G&A Inc v Nahra,
 
 204 Mich App 329, 330; 514 NW2d 255 (1994). When presented with a dispute, a court must determine what the parties’ agreement is, according the contractual language its ordinary and plain meaning.
 
 Id.
 
 at 330-331. Plaintiff relies on section five of the contract for the parties’ “obvious” contemplation to indemnify plaintiff for losses suffered as a result of defendant’s noncompliance with federal and state safety provisions. After a review of the contract, we conclude that the contract language in this case is clear. Contrary to plaintiff’s arguments, section five does not contain an indemnification agreement wherein defendant agreed to indemnify plaintiff for losses suffered as a result of defendant’s negligence. Although defendant agreed to abide by certain safety standards and to provide certain safety equipment, it clearly did not agree to indemnify plaintiff. Therefore, plaintiff’s argument is without merit and summary disposition of the breach of contract claim was appropriate because plaintiff had no indemnification agreement to enforce. Furthermore, nowhere in the language of the written contract is there a term or condition that forbids defendant from placing plaintiffs employees in an area of hazardous materials or industrial waste as alleged by plaintiff in its complaint. Accordingly, summary disposition of plaintiff’s pleaded cause of action would have been appropriate on this ground as well.