NO. 4-02-0665

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

JOHN T. CASTLE and ANGELA S. CASTLE, 

          Plaintiffs,

          and

CASTLE CONCRETE, INC.,

          Plaintiff-Appellant,

          v.

REBECCA GRACE WILLIAMS,

          
Defendant-Appellee.

)

)

)

)

)

)

)

)

  Appeal from

  Circuit Court of 

  Champaign County

  No. 01L70

  Honorable

  John R. DeLaMar
,

  Judge Presiding.

______________________________________________________________

JUSTICE TURNER 
delivered the opinion of the court:
 
 Plaintiff Castle Concrete, Inc. (Castle Concrete), appeals from the Champaign County circuit court's dismissal of its negligence claim against defendant, Rebecca Grace Williams.  This appeal presents the issue of whether an employer can maintain a cause of action against a third-party tortfeasor for loss of service or profits resulting from an employee's injuries where the injuries resulted from the tortfeasor's negligence.  We answer this question in the negative and affirm the trial court's judgment.

I. BACKGROUND

In March 2001, plaintiff John Castle filed a negligence complaint against defendant, seeking damages for his injuries resulting from an April 6, 2000, automobile accident.  In February 2002, plaintiff filed a first-amended complaint, adding (1) as plaintiffs, John's wife, Angela Castle, and his employer, Castle Concrete, and (2) two additional counts.  Count I was John's original negligence claim, and count III contained Angela's consortium claim.  In count II, Castle Concrete sought to recover damages for loss of John's services as chief operating officer, resulting from defendant's negligence.  We note that Castle Concrete did not seek to recover damages to the Chevrolet truck involved in the accident.

In May 2002, defendant filed a motion to dismiss count II of the complaint under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2000)), asserting 
Moorman Manufacturing Co. v. National Tank Co.
, 91 Ill. 2d 69, 435 N.E.2d 443 (1982), barred Castle Concrete from recovering pure economic damages
.  In June 2002, Castle Concrete filed a response, asserting 
Moorman
 only applied to actions involving a defective product.  Defendant replied, citing several cases of the Supreme Court of Illinois that applied the 
Moorman
 doctrine to actions other than defective product cases.

In July 2002, the trial court held a hearing on defendant's motion.  The trial court granted the motion, finding the law did not recognize a duty to Castle Concrete as the injured party's employer.  The trial court then made a Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) finding.  This appeal followed.  

II. ANALYSIS

A section 2-615 motion to dismiss presents the question of whether the complaint sets forth sufficient facts that, if established, could entitle the plaintiff to relief.  In deciding such a motion, a court must accept all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts in favor of the pleader.  The court should grant the motion only if no set of facts can be proved that will entitle the plaintiff to recover.  This court reviews 
de
 
novo
 the granting of a section 2-615 motion.  
Ashley v. Snyder
, 316 Ill. App. 3d 1252, 1255, 739 N.E.2d 897, 900 (2000).

With a negligence action, a plaintiff's complaint must set forth facts establishing the existence of (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) an injury proximately caused by that breach.  
Stutz v. Kamm
, 204 Ill. App. 3d 898, 903, 562 N.E.2d 399, 403 (1990).  Defendant asserts Castle Concrete failed to state a cause of action because the facts alleged do not establish that defendant owed Castle Concrete a duty.  In determining whether a defendant owes a particular plaintiff a duty, a court should consider the following factors:  (1) the reasonable foreseeability of injury, (2) the reasonable likelihood of injury, (3) the magnitude of the burden that guarding against injury places on the defendant, and (4) the consequences of placing that burden on the defendant.  
True v. Greenwood Manor West, Inc.
, 316 Ill. App. 3d 676, 679, 737 N.E.2d 673, 676 (2000).  Additionally, a court's determination of duty reflects the policy and social requirements of the time and community.  
Kirk v. Michael Reese Hospital & Medical Center
, 117 Ill. 2d 507, 526-27, 513 N.E.2d 387, 396 (1987).

At common law, a master had a right to recover for tortious injury to his servants because the master would suffer a loss of services in addition to the loss of the servant himself.  See 
Dralle v. Ruder
, 124 Ill. 2d 61, 76, 529 N.E.2d 209, 216 (1988) (Clark, J., specially concurring).  However, several courts from other states have declined to find such a cause of action, holding the common-law right is outdated.  See 
Morton v. Merrillville Toyota, Inc.
, 562 N.E.2d 781, 786 (Ind. App. 1990);
 
Hartridge v. State Farm Mutual Automobile Insurance Co.
, 86 Wis. 2d 1, 12, 271 N.W.2d 598, 603 (1978).  An essential function of a court is to reevaluate common-law concepts in the light of present-day realities.  
Dini v. Naiditch
, 20 Ill. 2d 406, 429, 170 N.E.2d 881, 892 (1960).  Whether the common-law rule is still applicable in Illinois is a question of first impression for Illinois courts.  See 
Zawadzki v. Checker Taxi Co.
, 539 F. Supp. 207, 208 (N.D. Ill. 1982) (no Illinois case on point).

The common-law right of a master to recover for loss of services due to a servant's injury by a negligent third party is rooted in feudalism, where the servant was considered a member of the master's household.  
Hartridge
, 86 Wis. 2d at 7-8, 271 N.W.2d at 601; Restatement (Second) of Agency §316, Comment 
b
, at 58 (1958).  Such a relationship no longer exists.  Today, the relationship between an employer and his employee is contractually based.  
Jacobson v. Board of Education of the City of Chicago
, 321 Ill. App. 3d 103, 111-12, 746 N.E.2d 894, 900 (2001); see also 
A.J. Johnson Paving Co. v. Industrial Comm'n
, 82 Ill. 2d 341, 350, 412 N.E.2d 477, 481 (1980).  After analyzing the duty element in light of the modern employer-employee relationship, we find the common-law right is no longer a viable cause of action in Illinois.

First, the employer's injury is not reasonably foreseeable because it is too remote and indirect from the negligent act.  A natural connection between the wrongdoing and the injury does not exist.  To find such a duty would be to impose liability on a tortfeasor for interfering with a contract not known to him.   Second, holding the third-party tortfeasor liable for an employer's loss of an employee's service would place an unreasonable burden on the tortfeasor, who has no knowledge of the contract and no control over the employer's business.  The employers are in the better position to insure against such a loss through the purchase of "key man" insurance and business management.  See 
Edward F. Heimbrock Co. v. Marine Sales & Service, Inc.
, 766 S.W.2d 70, 72 (Ky. App. 1989); 
Ferguson v. Green Island Contracting Corp.
, 44 A.D.2d 358, 360, 355 N.Y.S.2d 196, 198 (1974). 

Third, such a duty raises serious social policy concerns.  With the majority of people employed, the allowance of employers to recover for loss of profits for negligent injury to their employees would result in a proliferation of claims.  See 
Morton
, 562 N.E.2d at 786.  Moreover, the nature of the damages is conducive to fraudulent claims.  See 
Hartridge
, 86 Wis. 2d at 12, 271 N.W.2d at 603.  Additionally, the economic consequences of any single accident are virtually limitless (
In re Chicago Flood Litigation
, 176 Ill. 2d 179, 198, 680 N.E.2d 265, 274 (1997)), and the allowance of an employer's recovery for loss of service would be a major step toward open-ended tort liability (see 
Ferguson
, 44 A.D.2d at 360, 355 N.Y.S.2d at 198).    

The weight of authority reaches the same conclusion, denying the existence of such a cause of action.  See 
Champion Well Service, Inc. v. NL Industries
, 769 P.2d 382, 383 (Wyo. 1989).  Additionally, a person who tortiously causes physical harm to an agent is not liable to the principal for the harm thereby caused to him.  Restatement (Second) of Agency §316(2), at 58 (1958).  

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

COOK and APPLETON, JJ., concur.