860 So.2d 1031 (2003)
SOUTHLAND CONSTRUCTION, INC., Appellant,
v.
GREATER ORLANDO AVIATION, et al., Appellees.
No. 5D02-3389.
District Court of Appeal of Florida, Fifth District.
December 5, 2003.
*1033 Mary Ann Stiles and Rayford H. Taylor, of Stiles, Taylor & Grace, P.A., Tallahassee, for Appellant.
Timothy C. Conley, and David W. McCreadie, of Lau, Lane, Pieper, Conley & McCreadie, P.A., Tampa, for Appellee, Peoples Gas System.
No Appearance for Appellee Greater Orlando Aviation.
GRIFFIN, J.
This is the appeal of an order dismissing the claim of Southland Construction, Inc. ["Southland"] to recover attorney's fees and increases in its workers' compensation insurance premiums, which Southland claims resulted from the death of a Southland employee due to the negligence of Peoples Gas System ["Peoples Gas"] in failing to mark a gas line.
Southland sued the defendants below, the Greater Orlando Aviation Authority ["GOAA"] and Peoples Gas[1] on a theory of negligence. The complaint alleged that GOAA and Southland entered into a contract on February 2, 2000, for the construction of drainage modifications and access roads at the Orlando International Airport. On May 9, 2000, a Southland employee breached an unmarked Peoples Gas line with construction equipment, causing a fire that resulted in the death of one Southland employee and the injury of another. Southland alleged it had transmitted an underground utility locate request to GOAA and Peoples Gas prior to the accident and had received an "all clear" from each company. Southland alleged that Peoples Gas owed Southland a duty to notify it of the location of underground utility lines in the area and that Peoples Gas was negligent in failing to do so. Southland claimed that, as a result of the accident, its workers' compensation carrier had to pay substantial benefits to the families of the workers which, in turn, caused Southland's workers' compensation insurance premiums to increase. It further alleged it incurred $6,752.00 in attorneys' fees for the successful defense of an OSHA citation arising out of the accident.
Peoples Gas moved for dismissal of the amended complaint, asserting that, as a matter of law, the claim for increased workers' compensation insurance premiums and attorney's fees were not recoverable because such damages were too remote and unforeseeable. Peoples Gas also asserted that an employer's rights to recover damages under Florida's Workers' Compensation Law is limited to that which is contained in Chapter 440. Finally, as to the OSHA citation claim, they asserted that fees were not compensable because there was no contract or statute authorizing recovery of attorneys' fees. After a hearing on the motion to dismiss, the court dismissed both the claim for attorneys' fees and the claim for the increase in insurance premiums. The trial court explained during the hearing that the damages were too remote as a matter of law to be recoverable by Southland. Southland urges on appeal that the trial court erred. We affirm.
Although there is no Florida case on the issue, courts in other jurisdictions uniformly have found no such entitlement to recovery of workers' compensation insurance premium increases as a matter of law, based on the remoteness and the lack of legal foreseeability of such claims. Fischl v. Paller & Goldstein, 231 Cal.App.3d 1299, 282 Cal.Rptr. 802 (1991); RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 650 A.2d 153, 157 (1994); Unique Paint Co. v. Wm. F. Newman Co., 201 *1034 Ga.App. 463, 411 S.E.2d 352, 353 (1991); Anderson Plasterers v. Meinecke, 543 N.W.2d 612-14 (Iowa 1996); Pro-Staffers, Inc. v. Premier Mfg. Support Servs., Inc., 252 Mich.App. 318, 651 N.W.2d 811 (2002); Northern States Contracting Co. v. Oakes, 191 Minn. 88, 253 N.W. 371, 372 (1934);[2]Whirley Indus., Inc. v. Segel, 316 Pa.Super. 75, 462 A.2d 800, 804 (1983); Canada Dry Bottling Co. v. Mertz, 264 Pa.Super. 480, 400 A.2d 186 (1979); Higbie Roth Constr. Co. v. Houston Shell & Concrete, 1 S.W.3d 808, 812 (Tex.App.1999).
The Court of Appeals of Texas recently addressed this issue in Higbie Roth Construction Co. v. Houston Shell & Concrete, 1 S.W.3d 808. The Texas court found no negligence cause of action existed, explaining:
To recover for increased workers' compensation premiums from Houston Shell..., Higbie must show a duty to prevent that increase. Duty under a set of facts is a question of law for the court. In determining whether to impose a duty, courts consider the risk, foreseeability, and likelihood of injury to the plaintiff, and weigh those factors against the social utility of the defendant's conduct, the magnitude of guarding against the injury, and the consequences of placing that burden on the defendant. Foreseeability of harm is a primary factor in evaluating whether a duty is owed. Higbie's pleadings, when construed broadly and after indulging all inferences in Higbie's favor, do not support a claim against Houston Shell ... for wrongful increase in workers' compensation insurance premiums arising out of their allegedly negligent injury of Ramos. The negligence cause of action fails because the injuries for which Higbie seeks recovery ... were not foreseeable by Houston Shell ... as a matter of law.
Id. at 812-813 (citations omitted).
The Higbie court relied in part on the Pennsylvania case of Whirley Industries, Inc. v. Segel, 462 A.2d 800:
In Whirley Industries, the Pennsylvania Superior Court concluded that third parties whose negligence may have caused injury to a worker did not owe a duty to the worker's employer to foresee that increased insurance premiums would result from compensating the worker for the third parties' negligence. 316 Pa.Super. at 82, 462 A.2d at 804. The Pennsylvania Superior Court concluded that a third party cannot reasonably foresee that its conduct would cause increased premiums because premium rates result from many concurring factors, many of which are entirely unrelated to the third party's alleged negligence in injuring a particular worker. Id. These factors include the employer's prior loss experience and the internal financial practices of the particular insurance carrier. Id.

Id. at 812-813. See also Canada Dry Bottling Co. v. Mertz, 400 A.2d 186. Southland has cited to no case in the United States that has allowed recovery of workers' compensation premium increases in such a context. We agree with the weight of authority and conclude that the claimed damages are not recoverable because they are too remote. Third-party negligence may be the proximate cause of the employee's *1035 injury but, at best, it is only a remote cause of an employer's premium increase.
Peoples Gas also urges that section 440.39, Florida Statutes, contained in the workers' compensation statute, precludes Southland from asserting a claim against it for any increase in its workers' compensation insurance premiums. Section 440.39 of the Florida Workers' Compensation Law provides for compensation to employees when third persons are liable for injuries to employees. Subsection (2) of this statute says:
If the employee or his or her dependents accept compensation or other benefits under this law or begin proceedings therefor, the employer or, in the event the employer is insured against liability hereunder, the insurer shall be subrogated to the rights of the employee or his or her dependents against such thirdparty tortfeasor, to the extent of the amount of compensation benefits paid or to be paid as provided by subsection (3).
§ 440.39(2), Fla. Stat. (emphasis added).
Subsection (3)(a) provides:
In all claims or actions at law against a third-party tortfeasor, the employee, or his or her dependents or those entitled by law to sue in the event he or she is deceased, shall sue for the employee individually and for the use and benefit of the employer, if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid; ... Upon suit being filed, the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his or her dependents, which notice shall constitute a lien upon any judgment or settlement recovered to the extent that the court may determine to be their pro rata share for compensation and medical benefits paid or to be paid under the provisions of this law, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for the plaintiff's attorney.
§ 440.39(3)(a), Fla. Stat. (2002). This provision establishes a device by which the employer can recover compensation and medical benefits through subrogation or lien. Florida courts have not said whether the workers' compensation statute is an exclusive remedy for an employer, but courts of other jurisdictions have addressed the issue.
In Multiplex Concrete Co. v. Besser Co., 153 N.J.Super. 531, 380 A.2d 708 (App.Div. 1977), certification denied, 75 N.J. 607, 384 A.2d 837 (1978), an employer filed a negligence cause of action against third parties for the death of an employee, seeking to recover for an increase in workers' compensation insurance premiums. The appellate court affirmed the trial court's dismissal for failure to state a claim. The court found the New Jersey workers' compensation statute was the exclusive remedy for employers and held:
We do not regard the cause of action asserted here to be one which ... an employer would be "free to maintain." It is not a primary cause of action which an employer has directly in its own right; rather it seeks damages directly related to the compensation payments made pursuant to the Workers' Compensation Act. While the employer is not directly suing to recover on its employee's rights, it is pursuing a cause of action arising out of its obligation established by law for the benefit of the employee.
Id. at 534-535, 380 A.2d 708 (citing United States Cas. Co. v. Hercules Powder Co., 4 N.J. 157, 72 A.2d 190 (1950)).
*1036 Erie Castings Co. v. Grinding Supply, Inc., 736 F.2d 99 (3d Cir.1984), also addressed this issue and the court found Pennsylvania's workers' compensation statute provided an exclusive remedy for employers to recover for damages incurred as a result of an employee's injury. The language of Pennsylvania's statute is similar to Florida's:
Where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer shall be subrogated to the right of employee,... against such third party to the extent of the compensation payable under this article by the employer; ...
Pa. Stat. Ann., tit. 77, § 671 (Purdon Supp. 1983); Erie Castings at 102. The court noted that both this statute and the New Jersey statute in Multiplex limited an employer's rights to those possessed by the employee, and found the employer's increases in insurance premiums to be unrecoverable.
Finally, in Pro-Staffers, Inc. v. Premier Manufacturing Support Services, Inc., 651 N.W.2d 811, in which an employer sought to recover the costs of increased workers' compensation insurance premiums from a third-party tortfeasor, the court held that the Michigan workers' compensation statute contained the employer's exclusive remedies. The court explained:
We also hold that because [the workers' compensation statute] provides a detailed procedure that, if utilized by the employer or carrier, will result in full reimbursement of the benefits paid to the injured employee, no additional remedies can be inferred. Indeed, if the employer or insurance carrier avails itself of the statutory procedure set forth... it should not suffer any increased worker's compensation premiums, as the payor of the benefits will recoup the monies paid to the employee. Thus, because the Legislature has created a remedy for employers and carriers to recoup the worker's compensation benefits paid to injured employees, and because we do not find this remedy to be "plainly inadequate," the remedy provided in the subrogation provision of [the worker's compensation statute] is exclusive. Had the Legislature intended for employers to recover damages in the form of increased premiums and lost profits, it would have enumerated such a remedy....
Id. at 816-817 (citations omitted).
We agree with Peoples Gas that the workers' compensation subrogation device is an additional reason why Southland has no claim under ordinary negligence principles. The workers' compensation statute offers employers a limited device for recovery of monies paid to the worker. To the extent that Southland's claim is not in the nature of subrogation to recover benefits paid out, however, we agree with Southland that there is no good reason why the Workers' Compensation Act would prevent Southland's assertion of its own statutory claim for its own statutory damages.
Southland urges on appeal that its suit is distinguishable from all the authorities in other jurisdictions we have cited because of Florida's Underground Facility Damage Prevention and Safety Act ["the Act"]. § 556.101 et seq. This statute essentially creates a not-for-profit corporation whose purpose is to create a sort of clearing house through which underground facilities operators and excavators can communicate about facility locations in order to prevent "injury to persons or property and the interruption of services ...". § 556.101(3)(a), Fla. Stat. (2002). Section 556.106(3), Florida Statutes, states:

*1037 If, after receiving proper notice, a member operator[3] fails to discharge a duty imposed by the provisions of this act and an underground facility of such member operator is damaged by an excavator who has complied with the provisions of this act, as a proximate result of the member operator's failure to discharge such duty, such excavator shall not be liable for such damage and the member operator, if found liable, shall be liable to such person for the total cost of any loss or injury to any person or damage to equipment resulting from the member operator's failure to comply with this act.
We agree with Southland that section 556.106(3), Florida Statutes, could be the source of a statutorily created duty owed by Peoples' Gas to Southland to correctly mark the location of its underground facilities and it could be the basis for Southland to recover its own damages if the facilities are not correctly marked and a statutorily specified injury or damage results. Southland contends that because the legislature has imposed liability under the Act on those who violate this act for the total cost of any loss incurred, such "total cost" should include insurance premiums. Unfortunately, Southland did not allege the applicability of the Act or violations of the Act in its complaint, or refer to it in any way in the complaint. Thus, there is simply no basis in the pleadings to find a claim under the Act.
Instead of asserting a claim under the Act, Southland asserts, relying on DeJesus v. Seaboard Coast Line Railroad, 281 So.2d 198 (Fla.1973), that a violation of the Act constitutes negligence per se. This argument does not take Southland very far for several reasons. First, its pleading makes no reference to this claim either. Second, for purposes of appeal, we do not question whether Peoples Gas was negligent; the issue is to whom Peoples Gas owed the duty. Finally, the statute does not impose a duty on Peoples Gas to prevent an increase in insurance premiums.
In support of its entitlement to recover the insurance premium increase and attorney's fees under the Act, Southland relies on A & L Underground, Inc. v. City of Port Richey, 732 So.2d 480 (Fla. 2d DCA 1999) in which the Second District interpreted section 556.106(3) of the Act to allow an excavator to recover purely economic losses, including delay damages, that it suffered as a result of a member operator's failure to accurately mark its underground utilities. In A & L, the Second District Court held that an excavator is entitled to recovery of delay and repair costs in an action for violations of the Act. The A & L court based its decision on the "for the total cost of any loss" language in the statute. Id., 732 So.2d at 481.
We begin by expressing some doubt about the expansive reading of the statute employed in A & L. The statute speaks of "any loss or injury to any person or damage to equipment." This statutory language seems at most to contemplate personal injury damages, out-of-pocket losses and economic losses that are confined to damage to equipment. This reading seems most consistent with the expression of legislative intent to:
Aid the public by preventing injury to persons or property and the interruption of services resulting from damage to an *1038 underground facility caused by excavation or demolition operations.
556.101(3)(a), Fla. Stat. (2002). Even if the statute were intended to be as broad as the A & L court suggests, however, this still would not reach a remote and indirect insurance premium increase claim or attorney's fees incurred to defend an OSHA claim.[4]
AFFIRMED.
THOMPSON, J., and PARSONS, W.A., Associate Judge, concur.
NOTES
[1] Greater Orlando Aviation Authority is not involved in this appeal.
[2] See also Ireland Elect. Corp. v. Georgia Highway Express, Inc., 166 Ga.App. 150, 303 S.E.2d 497 (1983)(employer may not recover for loss of employee services from third-party tortfeasor); Castle v. Williams, 338 Ill.App.3d 708, 273 Ill.Dec. 112, 788 N.E.2d 421 (2003)(employer may not recover for loss of employee services from third-party tortfeasor); Morton v. Merrillville Toyota, Inc., 562 N.E.2d 781 (Ind.Ct.App.1990)(employer may not recover for loss of employee services or for loss of profit from third-party tortfeasor).
[3] A "member operator" is "any person who furnishes or transports materials or services by means of an underground facility." Since Peoples Gas furnishes underground gas lines, it would appear to fall into the definition of member operator for purposes of the Act. § 556.102(8), Fla. Stat. (2002).
[4] Southland alternatively relies on the "wrongful act doctrine" to support its fee claim. See State Farm Fire & Cas. Co. v. Pritcher, 546 So.2d 1060, 1061 (Fla. 3d DCA 1989). The wrongful act doctrine does not create a separate cause of action, however. It is simply an additional element of damage available where liability already exists. Furthermore, this theory of liability has not been pleaded and there is no basis on which to assume it has any application.