*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RUTH BARRIGER,

Plaintiff-Appellant,

v

BON-TON DEPARTMENT STORES, INC.,
doing business as CARSON'S,

Defendant-Appellee.

UNPUBLISHED
June 20, 2019

No. 339317
Wayne Circuit Court
LC No. 16-006535-NO

Before: CAMERON, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

In this action alleging ordinary negligence and premises liability, plaintiff, Ruth Barriger, appeals the trial court's order granting summary disposition in favor of defendant, Bon-Ton Department Stores, Inc., doing business as Carson's. We affirm.

## I. BACKGROUND

In April 2014, Barriger went to Carson's Department Store to shop for a pocket square for her husband. Within five minutes of entering the store, Barriger turned down an aisle in the men's department, saw the men's shirts and ties, and began walking toward those items. As Barriger left the tiled aisle way and entered the carpeted area where the ties and shirts were located, she tripped over an orange area rug and fell. The rug sat on top of installed carpet, and according to Barriger, her foot caught the edge of the rug. She sustained injuries to her left ankle, both of her shoulders, and her neck. Barriger then brought this action against Carson's on ordinary negligence and premises liability grounds. The trial court granted defendant's motion for summary disposition and dismissed the case based on the open and obvious danger doctrine.

## II. ORDINARY NEGLIGENCE

Barriger first argues that the trial court erred in dismissing the ordinary negligence claim because it is independent of her premises liability claim. We disagree.

-1-

## A. PRESERVATION AND STANDARD OF REVIEW

"[A]n issue must be raised, addressed, and decided in the trial court to be preserved for review." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 751 n 40; 880 NW2d 280 (2015). Barriger argued before the trial court that the open and obvious danger doctrine did not apply to her ordinary negligence claim and that, under the "storekeeper's exception," she could maintain her ordinary negligence claim completely independent of her premises liability claim. The trial court did not explicitly address the issue of plaintiff's claims sounding exclusively in premises liability. Instead, the trial court granted defendant's motion for summary disposition on the basis of the open and obvious danger doctrine, as well as Barriger's failure to establish that defendant had actual or constructive notice of the allegedly hazardous condition. "[T]his Court may overlook preservation requirements if . . . the issue involves a question of law and the facts necessary for its resolution have been presented." *Pugno v Blue Harvest Farms LLC*, 326 Mich App 1, 3; ___ NW2d ___ (2018). Therefore, while the trial court did not address the ordinary negligence claim, we will analyze the issue as preserved because Barriger raised the issue below and the facts necessary for its resolution have been presented. *Id.*; *Pro-Staffers, Inc v Premier Mfg Support Servs, Inc*, 252 Mich App 318, 324; 651 NW2d 811 (2002).

Generally, "[t]his Court reviews de novo the grant or denial of a summary disposition motion." *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008). The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(10). This Court reviews a motion for summary disposition brought under MCR 2.116(C)(10) "by considering the pleadings, admissions, and other evidence submitted by the parties[, viewed] in the light most favorable to the nonmoving party." *BC Tile & Marble Co, Inc v Multi Bldg Co, Inc*, 288 Mich App 576, 582-583; 794 NW2d 76 (2010). Summary disposition is appropriate under MCR 2.116(C)(10) "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* (quotation marks and citation omitted). "There is a genuine issue of material fact when reasonable minds could differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Id.* (quotation marks and citation omitted).

## B. ANALYSIS

"Michigan law distinguishes between claims arising from ordinary negligence and claims premised on a condition of the land." *Buhalis v Trinity Continuing Care Servs*, 296 Mich App 685, 692; 822 NW2d 254 (2012). "In the latter case, liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Id.*, citing *Laier v Kitchen*, 266 Mich App 482, 493; 702 NW2d 199 (2005). However, the fact that a plaintiff may have a premises liability claim against a defendant who is an owner, possessor, or occupier of land "does not preclude a separate claim grounded on an independent theory of liability based on the defendant's conduct." *Laier*, 266 Mich App at 493 ("Defendant's *conduct* was thus an alleged basis of liability, independent of premises liability."). Nevertheless, "[i]f the plaintiff's injury arose from an allegedly dangerous condition on the land, the action sounds in premises liability rather than ordinary negligence; this is true even when the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury." *Buhalis*, 296 Mich App at 692.

Barriger's claim sounds exclusively in premises liability. In support of her ordinary negligence claim, Barriger argues that defendant was negligent by failing to have properly placed and secured the rug to the store's carpet, and by failing to discover the rug's hazardous condition before plaintiff's fall. The gravamen of plaintiff's allegations, however, center around a condition on defendant's premises, not defendant's conduct. *Id*. Defendant was not actively moving, placing, or securing the rug to the carpet when plaintiff fell, nor did any of defendant's employees actively contribute to plaintiff's fall while moving, placing, or securing the rug to the carpet. *Pugno*, 326 Mich App at 4 (holding that the plaintiff's claims "sound squarely in premises liability" because neither the defendant nor one of its employees "actively" caused the plaintiff's injuries). It is not enough for plaintiff to simply allege that defendant created the hazardous condition by placing the rug in the store the day before her fall. See *Buhalis*, 296 Mich App at 692 (noting that a plaintiff's injuries arising from an allegedly dangerous condition on the land sound exclusively in premises liability, even if "the plaintiff alleges that the premises possessor created the condition giving rise to the plaintiff's injury"). Thus, Barriger does not have a cognizable ordinary negligence claim against defendant.

Plaintiff also argues that our Supreme Court has established a standard for storekeepers that is separate from the open and obvious danger doctrine and allows her to sustain an ordinary negligence claim. This argument is without merit. In *Clark v Kmart Corp*, 465 Mich 416, 417; 634 NW2d 347 (2001), the plaintiff slipped and fell on several loose grapes scattered on the floor of the defendant's store. The plaintiff brought a negligence action, and a jury returned a verdict in favor of the plaintiff. *Id*. Our Supreme Court, in reversing this Court's decision that there was insufficient evidence that the hazardous condition was present long enough to put defendant on constructive notice, reiterated a storekeeper's "well-established" duty to protect its customers from dangerous conditions, stating:

> It is the duty of a storekeeper to provide reasonably safe aisles for customers and he is liable for injury resulting from an unsafe condition either caused by the active negligence of himself and his employees or, if otherwise caused, where known to the storekeeper or is of such a character or has existed a sufficient length of time that he should have had knowledge of it. [*Id*. at 419, quoting *Serinto v Borman Food Stores*, 380 Mich 637, 640-641; 158 NW2d 485 (1968) (emphasis omitted).]

However, in *Kennedy v Great Atlantic & Pacific Tea Co*, 274 Mich App 710, 715-718; 737 NW2d 179 (2007), this Court, in considering the *Clark* decision, determined that the open and obvious danger doctrine applied to claims alleging that a shopkeeper failed to keep store aisles safe for customers, holding, in relevant part:

> The issue in the case at bar is not whether plaintiff was comparatively negligent in failing to observe and avoid the crushed grapes or grape residue on defendants' floor. Instead, the issue is whether defendants owed plaintiff a duty in the first instance. We readily concede that shoppers in modern grocery stores are often distracted by displays and merchandise. But mere distractions are not sufficient to prevent application of the open and obvious danger doctrine. Instead, to prevent application of the open and obvious danger doctrine to a typical and obvious condition, the condition must be effectively unavoidable or unreasonably

dangerous because of special aspects that impose an unreasonably high risk of severe harm. However, typical open and obvious dangers . . . do not give rise to these special aspects. [*Id*. at 716 (quotation marks and citations omitted).]

The *Kennedy* Court also held that "everyday occurrence[s]" should be observed by the reasonably prudent person, and that "the relevant inquiry was not merely whether the plaintiff was distracted, but whether there was anything 'unusual' about the plaintiff's distraction[, or the hazard itself,] that would preclude application of the open and obvious danger doctrine." *Id*. at 717, quoting *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 522-523; 629 NW2d 384 (2001). Accordingly, plaintiff's claim against defendant sounds exclusively in premises liability, and plaintiff may not seek an independent cause of action against defendant for ordinary negligence. See *Kachudas v Invaders Self Auto Wash, Inc*, 486 Mich 913, 914; 781 NW2d 806 (2010) ("Although an injured person may pursue a claim in ordinary negligence for the overt acts of a premises owner on his or her premises, the plaintiff in this case is alleging injury by a condition of the land, and as such, his claim sounds exclusively in premises liability.") (Citation omitted.)

Finally, plaintiff's argument—that defendant's failure to use its own visual team[1] in placing the rug, as well as defendant's failure to properly secure the rug to the carpet with tape, violated defendant's policies and procedures—is without merit. An institution's internal policies and procedures may not be used to establish a legal duty in a negligence claim against that institution. *Zdrojewski v Murphy*, 254 Mich App 50, 62; 657 NW2d 721 (2002). "Imposition of a legal duty on a retailer on the basis of its internal policies is . . . contrary to public policy[ because s]uch a rule would encourage retailers to abandon all policies enacted for the protection of others in an effort to avoid future liability." *Buczkowski v McKay*, 441 Mich 96, 99 n 1; 490 NW2d 330 (1992). Therefore, Barriger cannot maintain an ordinary negligence claim against defendant based on defendant's violation of its own policy requiring the store's visual team to properly place and secure rugs throughout the store. *Id*. Accordingly, the trial court did not err in dismissing Barriger's ordinary negligence claim.

## III. PREMISES LIABILITY

Next, Barriger argues that the trial court erred in dismissing her premises liability claim because the hazardous condition of the rug was not wholly revealed upon casual inspection so as to constitute an open and obvious danger. Barriger also argues that defendant had constructive notice of the rug's hazardous condition and should have remedied the hazard. We disagree.

As stated, this Court reviews a motion for summary disposition brought under MCR 2.116(C)(10) de novo. *Allison*, 481 Mich at 424. In addition, "whether a premises possessor had a duty cognizable at law is a question of law to be decided by the courts." *Buhalis*, 296 Mich App at 701.

---

[1] According to the store manager, Carson's Department Store utilizes a visual team for purposes of decorating the stores, which includes placing and securing rugs.

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). The parties do not dispute that plaintiff was a business invitee in defendant's store. See *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000) ("[I]nvitee status is commonly afforded to persons entering upon the property of another for business purposes."). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo*, 464 Mich at 516. "A premises owner breaches its duty of care when it knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Pugno*, 326 Mich App at 4 (quotation marks and citation omitted). "[T]he plaintiff must be able to prove that the premises possessor had actual or constructive notice of the dangerous condition at issue." *Id*. (quotation marks and citation omitted).

However, in the context of premises liability, there is "no obligation to warn someone of dangers that are so obvious and apparent that a person may reasonably be expected to discover them and protect himself or herself." *Laier*, 266 Mich App at 487. "Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). "[W]hen applying this test, it is important for courts . . . to focus on the objective nature of the condition of the premises at issue, not the subjective degree of care used by the plaintiff." *Price v Kroger Co of Mich*, 284 Mich App 496, 501; 773 NW2d 739 (2009) (quotation marks and citation omitted). "[T]he open and obvious doctrine should not be viewed as some type of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Lugo*, 464 Mich at 516.

The rug that Barriger tripped over is primarily orange with a small white pattern throughout. Barriger described it as "bigger than a runner" rug. Defendant's employee explained that it measured approximately 5 feet wide and 8 feet long. The rug was taped to the top of a light brown colored carpet, which bordered a darker brown colored carpet. The section of the rug that Barriger alleges was not fully taped down to the carpet was immediately adjacent to the dark brown color carpet. According to store manager, Scott Sweet, the section of the rug that appears peeled up in the photograph is approximately 4 inches wide. We conclude that the trial court did not err when it held that a person of ordinary intelligence would have discovered the orange rug upon casual inspection. The rug itself was a wholly different color than the rest of the carpet and easily discernable. We find it of no consequence whether the carpet was taped down but "peeling" at the corners. The bright rug was in stark contrast with the dark flooring, and any peeling of the rug was immaterial to our conclusion that the alleged hazard was discoverable upon casual inspection. The fact that the rug was underneath heavy display tables further demonstrates that the rug was readily discernable to the average person upon casual inspection. *Hoffner*, 492 Mich at 461. And while the rug sat in an aisle way of the men's department, it was not "effectively unavoidable" to shoppers. *Kennedy*, 274 Mich App at 716. Nor was the rug "unreasonably dangerous because of special aspects that impose[d] an unreasonably high risk of severe harm." *Id*. Accordingly, plaintiff failed to establish a genuine issue of material fact regarding the open and obvious nature of the rug, and the trial court did not

err in granting defendant's motion for summary disposition pursuant to the open and obvious danger doctrine.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane E. Markey
/s/ Stephen L. Borrello