*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SULEYMAN ULUDAG PHD,

      Plaintiff-Appellant,

v

UNIVERSITY OF MICHIGAN,

      Defendant-Appellee.

UNPUBLISHED
July 13, 2023

No. 361787
Court of Claims
LC No. 20-000213-MK

Before: PATEL, P.J., and BOONSTRA and RICK, JJ.

PER CURIAM.

It is undisputed that plaintiff Suleyman Uludag failed to comply with the notice and verification requirements of MCL 600.6431 of the Court of Claims Act (COCA).[1] Bound by *Elia Cos, LLC v Univ of Mich Regents*, 335 Mich App 439; 966 NW2d 755 (2021), the Court of Claims granted plaintiff's motion for leave to amend to afford him an opportunity to correct the defect by signing and verifying his complaint. Subsequently, our Supreme Court reversed this Court's decision in *Elia*, holding that the "plaintiff's failure to comply with the notice and verification requirements of MCL 600.6431 mandates dismissal of [the] case." *Elia Cos, LLC v Univ of Mich Regents*, __ Mich __; __ NW2d __ (2023) (Docket No. 162830); slip op at 8. Because plaintiff failed to comply with § 6431 of the COCA, his claim must be dismissed. Although the Court of Claims granted summary disposition in favor of defendant University of Michigan on different grounds, we affirm because the right result was reached, i.e., granting summary disposition to defendant. See *Pro-Staffers, Inc v Premier Mfg Support Servs*, 252 Mich App 318, 322; 651 NW2d 811 (2002).

---

[1] MCL 600.6431(1) states that "[e]xcept as otherwise provided in this section, a claim may not be maintained against this state unless the claimant, within 1 year after the claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against this state or any of its departments, commissions, boards, institutions, arms, or agencies." The requirements for the mandated claim or notice are set forth in MCL 600.6431(2). And MCL 600.6434(2) provides that a party's complaint "shall be verified."

## A. BACKGROUND

Plaintiff is a tenured associate professor of computer science at the defendant university. In 2019, plaintiff was granted sabbatical. He planned to return to his teaching duties in January 2020. Plaintiff traveled to Turkey in 2019 while on sabbatical. According to his complaint, he "was illegally detained, and unlawfully imprisoned by the Turkish government for months." The COVID-19 pandemic also allegedly delayed his return to the United States until June 2020. Plaintiff maintains that he was ready, willing and able to fulfill his teaching obligations remotely from Turkey beginning in January 2020, but defendant refused to accommodate him and reassigned his teaching duties. Because plaintiff did not return to his in-person teaching duties, he was placed on an unpaid leave of absence effective February 4, 2020. In mid-March 2020, defendant transitioned all its in-person teaching courses to remote teaching in response to the COVID-19 pandemic. Defendant denied plaintiff's request to teach the remainder of the semester remotely because it did not want to disrupt the students' educational experience by replacing instructors with just one month remaining in the semester. Plaintiff's pay and benefits were reinstated effective July 1, 2020.

On September 14, 2020, Plaintiff filed a single-count breach of contract complaint in the Genesee Circuit Court seeking his salary and benefits from February 4, 2020 through June 30, 2020. The complaint was not signed and verified by plaintiff. On October 19, 2020, defendant filed a notice of transfer of the complaint to the Court of Claims. On October 22, 2020, defendant filed an answer to the complaint and asserted as an affirmative defense that plaintiff failed to comply with the COCA's notice provisions. Subsequently, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) based on plaintiff's failure to comply with the notice provisions of the COCA. Defendant further argued that it was entitled to summary disposition under MCR 2.116(C)(10) because the employment contract did not require defendant to allow plaintiff to teach remotely or to pay him when he was unable to teach classes in-person. Thereafter, plaintiff moved for leave to file an amended, verified complaint. The court granted plaintiff an opportunity to amend his complaint based on this Court's decision in *Elia*, and denied defendant's request for summary disposition pursuant to MCR 2.116(C)(7). But the court granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(10), finding that the employment contract authorized the Dean to reject plaintiff's request to teach remotely during the winter 2020 semester and suspend his pay. This appeal followed.

## B. ANALYSIS

Plaintiff argues that the Court of Claims erred by granting summary disposition in favor of defendant and dismissing his claim. We disagree.

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(7) is proper when a claim is barred because of immunity granted under the law. *Moraccini v City of Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Id.* (quotation marks omitted). We also review de novo the interpretation and application of statutes, rules, and legal doctrines. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008).

It is well-established that "all parties with claims against the state, except those exempted in MCL 600.6431 itself, must comply with the requirements of MCL 600.6431[,]" including "claims initiated in the circuit court." *Elia*, __ Mich at __; slip op at 4. "[A]dherence to the conditions set forth in MCL 600.6431 is necessary to successfully expose the defendant state agencies to liability." *Id*. at __; slip op at 5 (cleaned up). "[A] party bringing suit against the state must fully comply with the terms of MCL 600.6431, regardless of a finding of prejudice[,]" and the failure to do so "mandates the dismissal of [the party's] claims." *Id*. at __; slip op at 6-7.

In this case, it is undisputed that plaintiff failed to timely comply with § 6431 of the COCA because he failed to file "a written claim or a written notice of intention to file a claim" in the office of the clerk of the Court of Claims within one year after his claim accrued. The fact that plaintiff initially filed his claim in circuit court did not excuse him from complying with the notice and verification requirements of § 6431. *Id*. at __; slip op at 4. And his request to remedy the defect by filing an amended, verified complaint was filed outside the mandatory statutory-notice period, which does not constitute compliance with the statute. *Id*. at __; slip op at 6. Accordingly, plaintiff's claim must be dismissed pursuant to MCR 2.116(C)(7). *Id*. at __; slip op at 7. Because dismissal is warranted under MCR 2.116(C)(7), it is not necessary for us to address the breach of contract claim. We affirm because the right result was reached, i.e., summary disposition was granted in favor of defendant. See *Pro-Staffers*, 252 Mich App at 322.

Affirmed.

/s/ Sima G. Patel
/s/ Mark T. Boonstra
/s/ Michelle M. Rick

-3-